**STATE of Missouri, Plaintiff-Respondent,**

v.

**Dan Anthony HARPER, Defendant-Appellant.**

**No. 55086.**

Supreme Court of Missouri,
Division No. 2.

April 12, 1971.

John C. Danforth, Atty. Gen., Gene E. Voigts, First Asst. Atty. Gen., Jefferson City, for respondent.

James B. Harrison, Sullivan, for appellant.

FINCH, Judge.

Defendant, prosecuted under the Second Offender Act (§ 556.280, V.A.M.S.), was found guilty by a jury of armed robbery, in violation of § 560.120, V.A.M.S. The trial court, having found that defendant had a prior felony conviction, sentenced him to imprisonment for eight years, and he appeals. We affirm.

On December 19, 1968, a lone armed robber held up the Dailey Liquor Store in Pacific, Missouri, taking cash and checks in the amount of $614.40. Defendant was arrested at his trailer home in Pacific at about noon on February 23, 1969, in connection with this robbery. He was taken to the Court House in Union and questioned by deputy sheriffs for about an hour. He was interrogated again the following evening, at which time, according to the state's testimony, he orally confessed that he and another man from Pacific had gone into St. Louis on December 19, 1968, and picked up a man named Joey, whom they brought back to Pacific. Joey then held up the liquor store while defendant and the other man waited in the car in a nearby alley. In the division of the money, defendant received about $100.00.

At the trial, Deputy Sheriff Schroeder testified in detail as to the arrest and questioning of defendant and of the oral admissions he made. Schroeder related the Miranda warnings given to defendant before he was questioned on February 23 and which were repeated before the additional interrogation on the evening of February 24. No motion to suppress the oral confession was made, and defendant did not ask that a hearing be held outside the presence of the jury to determine the voluntariness of the confession. When Deputy Schroeder testified as to the statements made by defendant, no objection was made. On cross-examination counsel for defendant asked Schroeder if he had in-

formed defendant that he could terminate the conversation at any time, and the deputy stated he had not. Thereupon, counsel moved that the testimony of the deputy be stricken "for the reason that the defendant was not given the full constitutional warning that he is entitled to in a case of this nature." The motion was overruled. Subsequently, defendant took the stand. He testified that the deputy did tell him that he was not required to make any statement, and the defendant was not certain whether he was told that any statement made could be used against him. He stated he was not told that he could have an attorney, and that actually he asked for an attorney but was told that he would have an opportunity to get one. With reference to what he allegedly had stated about the robbery, he testified that the officers simply stated or read to him what allegedly occurred and then asked him if that wasn't right, and he responded, "Yes, I guess so, if that is what you say."

■ Two questions are briefed and presented on appeal. In the first place, defendant now contends that the trial court erred in receiving the testimony of the deputy sheriff as to admissions of the defendant without first determining out of the presence of the jury that those statements had been made voluntarily. He says that a Jackson v. Denno [1] type hearing should have been held. In State v. Jackson, Mo., 448 S.W.2d 895, we held that the trial court, in the absence of objection or request for an independent evidentiary hearing and determination on the issue of voluntariness, is not required sua sponte to halt the trial and conduct a hearing on the issue of voluntariness of the defendant's confession. In Jackson we cited numerous federal and state cases so holding. Subsequently, in State v. Hunter, Mo., 456 S.W.2d 314, 316, we reaffirmed the holding in Jackson. We find nothing in subsequent cases to cause us to change our opinion. Accordingly, we hold that the trial court did not err, in the absence of request for a hearing or objection to the testimony, in failing to hold a Jackson v. Denno type hearing as to voluntariness of defendant's confession.

■ Defendant's second contention on appeal is that the Miranda warnings given to defendant were insufficient in that they did not tell defendant he had the right to terminate the interview at any time. We overrule this contention. The state's evidence was that the defendant was told on each occasion before he was interrogated that he had the right to remain silent, that anything he said could and would be used against him in a court of law, that he had a right to have an attorney with him during any interview, and that if for some reason he could not provide his own attorney one would be provided. He also was asked if he had any questions about the warning and if he understood these four points. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974, does not require that the warning preliminary to interrogation include the additional statement that defendant may stop the interview at any time he desires. At various points in the opinion the court discusses the requirement that one be warned of his right to remain silent, that anything he says may be used against him, and that he must be clearly informed as to his rights with respect to counsel. These are summarized at 384 U.S. l. c. 479, 86 S.Ct. l. c. 1630, as follows: "* * * the following measures are required. He must be warned prior to any questioning that he has the right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney one will be appointed for him prior to any questioning if he so desires." At l. c. 473, 86 S.Ct. at l. c. 1627, the court in Miranda says this: "Once warnings have been given, the subsequent procedure

1.  378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908.

is clear. If the individual indicates in any manner, at any time prior to or during questioning, that he wishes to remain silent, the interrogation must cease. At this point he has shown that he intends to exercise his Fifth Amendment privilege; * * *."

In Green v. State, 45 Ala.App. 549, 233 So.2d 243, 246, and in People v. Washington, 115 Ill.App.2d 318, 253 N.E.2d 677, the courts recognized that the Miranda opinion does not require, as an integral part of the initial warnings, that the defendant be informed that he has the right to terminate the questioning at any time. We are of the opinion that these cases correctly interpret the requirements of Miranda and that the warnings given defendant were not deficient in not including the specific statement that defendant could terminate the interview or conversation at any time.

Judgment affirmed.

All of the Judges concur.