**Seymohre COVINGTON, a/k/a Seymour Covington, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 55449.**

Supreme Court of Missouri, Division No. 1.

May 10, 1971.

Motion for Rehearing or to Transfer to Court En Banc Denied June 14, 1971.

Wayne E. Babler, Richard C. Hartgrove, St. Louis, for appellant.

John C. Danforth, Atty. Gen., Gene E. Voigts, First Asst. Atty. Gen., Jefferson City, for respondent.

BARDGETT, Judge.

In this post-conviction proceeding under Supreme Court Rule 27.26, V.A.M.R., the trial court, after an evidentiary hearing, denied relief and movant has appealed.

On April 12, 1967, movant was tried by jury in the Circuit Court of the City of St. Louis and found guilty of assault with intent to kill with malice aforethought. The jury could not agree on punishment and the court assessed punishment at twenty-five years and rendered judgment and sentence accordingly. Following an unavailing motion for new trial, he appealed to this court. The judgment was affirmed in State v. Covington, Mo., 432 S.W.2d 267, and a full statement of facts is set forth therein. It need not be repeated here except to the extent necessary to a disposition of this appeal. Movant has been represented by appointed counsel at every stage of the various proceedings.

On May 1, 1965, about 2:30 p. m., Woltman's Jewelry Store in St. Louis was robbed by three armed men. During the course of the robbery an officer Duggan arrested one of the robbers on the street.

Movant was identified by Margaret Woltman and a customer as being one of the robbers. Officer Duggan, who was shot as the robbers were making an escape, identified movant as one of two men who shot at him. Movant testified and denied being present and called as his witnesses three men who testified they, and not movant, had committed the robbery of the store and the shooting of Duggan. According to the state's evidence, one of the three, Moore, pointed out the store, furnished the guns and car for the robbery, but was not present at the robbery and shooting. Movant was charged with assault with intent to kill with malice aforethought and separately with a charge of robbery of the jewelry store. As stated, he was convicted of the assault charge.

On this appeal movant presents four points for review. During the trial on the assault charge, the state, over movant's objection, introduced evidence of movant's participation in the robbery of the jewelry store. Movant objected on the ground that evidence of a separate and distinct offense was not admissible. In its findings of fact the trial court found that the point was asserted in movant's motion for new trial but was not raised on the original appeal and that this alleged trial error cannot be urged as the basis for relief under rule 27.26(b) (3). The trial court also found that the evidence complained of was properly admitted. Movant contends the trial court's conclusion that the asserted trial error cannot be urged as the basis for post-conviction relief is clearly erroneous claiming that the evidence complained of deprived "him of a fair trial and of liberty without due process of the law as required under the Fourteenth Amendment of the United States Constitution and under Art. 1, § 10, of the Constitution of Missouri [V.A.M.S.]."

Supreme Court Rule 27.26(b) (3) precludes the use of rule 27.26 proceedings as

a substitute for a direct appeal involving mere trial errors or as a substitute for a second appeal. State v. King, Mo., 380 S.W.2d 370; State v. Worley, Mo., 383 S.W.2d 529, 533. Supreme Court Rule 28.02 provides in part, "The court will consider no allegations of error asserted in the motion for new trial which are not briefed in the appellate court. Allegations of error not briefed on appeal, whether a brief is filed by appellant or not, will be deemed waived or abandoned."

The movant raised the issue at trial, preserved it in his motion for new trial but abandoned it on appeal. It does not affect constitutional rights and constitutes nothing more than alleged trial error. The trial court's conclusion was correct. The point is ruled against movant.

■■ At the trial of the assault charge, certain police officers testified in rebuttal that three of movant's defense witnesses implicated movant in the robbery and shooting by statements made to the officers by the witnesses following their arrest. This testimony was received as impeaching evidence on rebuttal to testimony by movant's witnesses that movant was not present at the scene and that they had never told the police that movant was involved in the robbery or assault. The trial court found that the issue of the admission of the questioned testimony was specifically disposed of by this court on direct appeal and, additionally, that the admission of the stated testimony was not contrary to Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476, cited by movant, and did not deprive movant of his constitutional right to be confronted by the witnesses against him.

During movant's trial on the assault charge, he objected to the use of the impeaching statements on the grounds that they were not made in his presence and this court decided that question on direct appeal. State v. Covington, Mo., 432 S.W.2d loc.cit. 269–270. While we will not give a second review under rule 27.26 pro-

cedure questions ruled on direct appeal, Gailes v. State, Mo., 454 S.W.2d 561, 563, we deem it advisable to consider movant's contention here that the admission of the subject statements violated movant's rights under the Sixth and Fourteenth Amendments to the Constitution of the United States and similar provisions of the Missouri Constitution 1945. S.Ct. Rule 27.-26(b) (3).

Movant places principal reliance on Bruton v. United States, supra, and Douglas v. Alabama, 380 U.S. 415, 85 S.Ct. 1074, 13 L.Ed.2d 934. Bruton involved a joint trial of two defendants during which a postal inspector, called as a witness by the United States, testified to a statement made by co-defendant Evans, outside the presence of Bruton, which implicated Bruton in the offense. In Douglas v. Alabama, supra, petitioner Douglas and one Loyd were tried separately on charges of assault with intent to murder. Loyd was tried first and found guilty. During the trial of Douglas, the prosecution called Loyd as a witness. Loyd refused to testify on the grounds of self-incrimination, his case being on appeal at the time. The trial court declared Loyd to be a hostile witness and afforded the state the privilege of cross-examination. The prosecution, under the guise of cross-examination, used a statement purportedly given by Loyd implicating Douglas in the offense.

The Supreme Court of the United States set aside the convictions of both Bruton and Douglas on the grounds that their rights of confrontation under the Sixth and Fourteenth Amendments to the U. S. Constitution had been violated.

In the instant case, movant was the sole defendant on trial. The state did not call the three witnesses complained of, but rather the movant called them in defense for the purpose of establishing his non-presence at the scene and non-participation in the offense. On cross-examination the state inquired of each witness whether he had previously stated that mov-

ant was present and did participate in the offense, to which each witness answered that he had not made any such statement. This was proper cross-examination. On rebuttal the state called certain police officers to impeach the testimony of the three witnesses by the officers' testimony that each had previously stated that movant was present and did participate in the offense. We hold that this was proper rebuttal and that movant was not denied constitutional rights of confrontation. Bruton, supra, Douglas, supra, and the other cases cited by movant do not control the instant case. The point is ruled against movant.

■ The third point asserted on this appeal is that "The Court erred in finding that Appellant was not denied a fair trial regardless of the fact that he did not have the benefit of one of his material witnesses at the trial and even though he was not advised by his counsel that he had a right to request a continuance until the witness' testimony might be available." The missing witness, Stanley Windsor, testified at the 27.26 hearing. The trial court found as follows:.

"The final point presented by movant is that he was denied a fair trial for the reason that the trial was held at a time when an alibi witness, namely Stanley Windsor, was out of the country and in the armed services and not available to testify in behalf of movant. He concedes that no request for a continuance was made but contends that he was not advised by his counsel 'of his right to request a continuance.' He argues that under Supreme Court Criminal Rule 25.08 he was entitled to seek a continuance because of the absence of witness Windsor; that the determination to request a continuance or go to trial was not within the discretion of his counsel but was within the discretion of movant and unless advised of his right could not be 'waived' by him.

"Movant would elevate the privilege of requesting a continuance under the limited and restricted provisions of Rule 25.08 to a

right of apparently constitutional significance. No authority for this position is cited and the Court has found none. Movant does not question the 'competency, ability, or integrity of his counsel.' It would, of course, be fruitless to do as he was represented by an attorney admittedly experienced in criminal law and with a substantial practice in the criminal divisions of this Court. Movant could not have made the required affidavit for a continuance since he did not (a) know the whereabouts of Windsor, (b) could not swear to what in fact he would testify to, (c) could not set forth the probability of procuring his testimony and within what time, all of which was required by the Rule. The case had been previously continued on three occasions, once on behalf of defendant. Under the circumstances movant has failed to offer any evidence which would establish that he would have been entitled to a continuance as a matter of law or that the Court would or should have exercised its discretion in granting a continuance under the circumstances.

"Furthermore, movant fails to offer any evidence from which it can be reasonably inferred that he was prejudiced in any way by reason of the absence of Windsor. Windsor testified at the hearing he and movant were together between 12:15 and 4:00 P.M. on May 1, 1965, the day of the robbery. He was not inducted into the army until September 17, 1965. He knew movant had been arrested for a crime occurring on May 1, 1965, but never advised anyone that Covington was with him on that date. Emma Jean Bradley testified for the defendant that she spent the night of April 30, 1965, with defendant at the Carousel Motel and was with Covington until 1:30 P.M. on May 1st. Covington testified that he was at the Carousel Motel with her until 1:00 or 1:30 on Saturday after which he took her to her home. He then went downtown, bought some shoes and went to the parking lot where he talked to Windsor 'maybe a half hour, 15, 20 minutes, and left there and went home.' Covington's own testimony obviously conflicts with Windsor

who had them together from 12:15 to 4:00 P.M. Conceding that such conflicts in testimony are for the jury and not the Court to resolve, nevertheless coming in part, as it does, from movant himself, the conflict is material and relevant to the issue which movant now undertakes to raise; to-wit, that he was deprived of a fair trial by the absence of Windsor.

"The Court finds that movant was not entitled as a matter of right to a continuance for the absence of Windsor, that Windsor's testimony so conflicted with movant's own testimony and that of his other witness movant could not have been prejudiced by Windsor's alleged unavailability; that the decision of movant's counsel as to the witnesses to be called and whether or not to seek a continuance involved discretionary questions concerned with trial strategy not violating any constitutional or substantial right of movant affecting the fairness of his trial or conviction."

The trial court's findings are not clearly erroneous. Crosswhite v. State, Mo., 426 S.W.2d 67.

■ Movant's fourth point is that the court erred in failing to find instruction No. 3, relating to flight, deprived movant of a fair trial and due process of law because the instruction was ambiguous and could only have confused the jury. In movant's motion for new trial, he claimed error in the giving of instruction No. 3 alleging the instruction was speculative, and left an area of guesswork to the jury and shifted the burden of proof to defendant; but failed to raise the issue on original appeal, and thereby abandoned the point. What we said in disposition of movant's first point is applicable here. The point is ruled against movant.

Finding no error, the judgment of the trial court is affirmed.

All of the Judges concur.