STATE of Missouri, Respondent,

v.

Larry Wayne PERRYMAN, Appellant.

No. 54283.

Supreme Court of Missouri,
Division No. 1.

Dec. 11, 1972.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for respondent.

John B. Newberry, Springfield, for appellant.

WELBORN, Commissioner.

Appeal, filed prior to January 1, 1972, from concurrent six and two-year sentences, imposed under Second Offender Act on jury verdict finding Larry Wayne Perryman guilty of burglary, second degree, and stealing in connection therewith.

At around 10:00 P.M., January 27, 1968, police officers of the city of Bolivar, in response to a call from a citizen, found three men, including appellant Perryman, inside the building of the Bolivar Candy and Tobacco Company warehouse in Bolivar. A door had been pried open and $39.69 was missing from the company cash box. The three men arrested had in their possession a sum of money in excess of that amount. Perryman testified that he went to Bolivar from Springfield with Donnie Neal, one of the three men apprehended, who told him they were going to load a truck at a place where Neal worked. He said he slept all the way on the trip and was awakened and entered the building through an unlocked door and had been inside the building a short time when they were discovered.

On this appeal, the principal points of error urged relate to comments and rulings by the court in the selection of the jury.

In the voir dire, one of the panel members, Mrs. Agee, stated that she was a friend of Mr. Westfall, the owner of the Bolivar Candy and Tobacco Company and a witness endorsed on the information. Mrs. Agee stated that her friendship for Mr. Westfall might influence her and defense counsel challenged her for cause. The judge sustained the challenge, stating: "I will excuse you, again, Mrs. Agee. You are excused again. You may leave. You had a reason for getting off the last trial too."

The court announced that the trial would be continued until sufficient jurors could be obtained, stating: "It was delayed the last time, because people would not meet their obligations to sit as jurors."

The defendant moved for a mistrial on the grounds that the above quoted remarks of the judge were of such a nature that "they would tend to coerce other members of the jury panel and make them feel embarrassed to state that they might be biased or prejudiced one way or the other toward this defendant, and making it possible (sic) for defendant's counsel to elicit from the jury panel the responses that he might have been able to get from them, in order to obtain an unbiased and unprejudiced jury."

The trial court overruled the motion, observing that, with Mrs. Agee excused, there were only 23 members of the jury panel, an insufficient number to permit the state and defendant to exercise their pre-emptory challenges.

In the further examination of the panel, Mrs. Swingle stated that Mr. Westfall was her sister's brother-in-law and that she might give more credence to Mr. Westfall's testimony. Defense counsel thereupon challenged the juror for cause and the court responded: "Continue; you may continue." No objection was made to the failure of the court to rule on the challenge at that time. Ultimately, the court excused Mrs. Swingle.

In the examination of another panel member, Mrs. Wilson, who also knew Mr. Westfall, defense counsel asked:

"MR. NEWBERRY: My question was, if he testified to one thing, and the other witness, some other witness testified to something else, would you tend to believe Mr. Westfall more than you would some witness that you don't know?

"MRS. LOIS WILSON: Probably so."

The trial court remarked:

"Mr. Newberry, I don't think that is a proper question to ask any juror; it is a hypothetical question, and it is an improper question, the way it was asked."

No objection was made to the court's remark.

A prospective juror, Mrs. Vest, stated that she had a doctor's appointment on Monday (Selection of the jury took place the preceding Friday.). She stated that such fact would interfere with her sitting on the jury "if it came on Monday." Defense counsel then asked: "Today, if this case was tried today, and tomorrow, would that have any effect on your sitting as a juror in—?" Mrs. Vest replied: "Yes, because I am on the job. I am supposed to be on the job." In response to counsel's inquiry as to whether the fact that she thought she should be at work would affect her impartiality as a juror, Mrs. Vest said, "Well, I think it would." Defense counsel then challenged the juror for cause, and the court said, "Now, the Court doesn't think it would have any effect on her serving as a fair and impartial juror." Mrs. Vest was stricken on the pre-emptory challenges of the defendant.

The final incident of which appellant complains was the court's direction to pick up someone at the Polk County Bank to fill the panel. Mrs. Vest was an employee of that bank. An employee of the bank was summoned by the sheriff, but he was later excused by the court.

Appellant here contends that the attitude, conduct and ruling of the court on the voir dire examination was such as to lead prospective jurors to believe that any indication that they could not serve as jurors would meet with the court's censure. He contends that the court repeatedly indicated by acts and words that he was not satisfied with citizens of Polk County as members of the jury panel and that he coerced the panel by ordering the sheriff to pick up particular jurors to serve on the panel.

There is nothing in the trial court's remarks which would deprive the defendant of his right to trial by a fair and impartial jury. The remark addressed to Mrs. Agee, referring to her having been excused on a prior trial, would not have had an intimidating effect. In fact, it demonstrated

that the court did listen to and accept adequate reasons for being excused from jury service.

When the excusing of Mrs. Agee left only 23 persons on the panel, an inadequate number to permit the pre-emptory challenges allowed the state and the defense, the judge, who had been transferred to hear the case upon disqualification of the regular judge, had cause for concern that, in view of his earlier experience, inability to obtain a jury might again delay the trial. His remark about the failure of the citizens of Polk County to meet their obligations as jurors was designed to impress upon such citizens their obligation and was in no manner an expression on the merits of the case or an effort on the part of the trial court to suppress legitimate excuses from jury service.

The remarks of the trial court were not such as to affect the right of appellant to a fair and impartial jury. See State v. Selman, Mo.Sup., 391 S.W.2d 193, 194–195 [1].

The failure of the trial court to rule on the challenge to Mrs. Swingle at the time it was made does not enlarge the effect of the remarks above considered. No objection was made to the court's failure at the time and the incident is not included in appellant's motion for new trial.

The court's ruling that the question posed to Mrs. Wilson was hypothetical and improper was made at the second repetition of the question and after Mrs. Wilson had answered twice. If appellant is to base error on the ruling, he has the burden of showing that the trial court's ruling was erroneous and he has not met that burden here by stating merely that the trial court's action interjected the court's feeling that defense counsel should not question panel members about possible bias.

No direction to the sheriff to pick up a juror from the bank was shown to have been made in the presence of the jury panel. Such direction, therefore, could have had no effect upon the remaining members of the panel and the bank employee summoned was excused by the court. No prejudicial error in this incident has been demonstrated.

No error was committed in overruling the challenge for cause to Mrs. Vest. The essence of her reason for being excused was that she thought she should be at work. That the trial would be brief and would not interfere with her appointment with the doctor had been previously explained. The trial court was not obliged to accept on the basis that it was offered her conclusion that she could not be impartial. This case does not present a situation comparable with that in State v. DeClue, Mo. Sup., 400 S.W.2d 50, where the juror's bias was related to his experience with the offense with which the defendant was charged. No abuse of discretion has been shown here.

Instruction No. 7 informed the jury of the four alternative verdicts which it might return, guilty of burglary, guilty of stealing in connection with such burglary, not guilty of burglary, and not guilty of stealing in connection with such burglary. The form of verdict for each was set out in the instruction and the court also provided the jury with four separate forms of verdict, identical with the forms set out in the instruction. Appellant here contends that the forms of verdict provided after the instructions were read confused the jury because they would have felt compelled to find the defendant guilty of stealing even though they found that nothing was stolen. Appellant does not demonstrate how the forms of verdict, in the same forms as set out in Instruction No. 7, could have so confused or misled the jurors. A mere conclusion that such could have occurred does not establish the alleged error. The jury was instructed that if they found the defendant not guilty of stealing, they should use the form of verdict so stating. Giving the jury a separate verdict for that finding could not have the

effect of confusing the jury, as appellant argues.

The principal instruction limited the stealing charge to the $39.69 in cash, charged in the information. The instruction did not permit a finding of guilty of stealing if the defendant stole *any* property, as did the instruction found erroneous in State v. McCollum, Mo.Sup., 377 S.W.2d 379, 386–387 [14], and State v. Kennedy, Mo.Sup., 396 S.W.2d 595, 599–600 [7]. There was evidence that the money had been removed from the cash box and that evidence was sufficient to support the stealing charge. 52A C.J.S. Larceny § 6, p. 426.

Judgment affirmed.

HIGGINS, C., concurs.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

All of the Judges concur.