STATE of Missouri, Plaintiff-Respondent,

v.

Anthony MINER, Defendant-Appellant.

No. 34687.

Missouri Court of Appeals,
St. Louis District,
Division Two.

Aug. 14, 1973.

———◆———

Jack B. Schiff, Clayton, for defendant-appellant.

John C. Danforth, Atty. Gen., Daniel P. Card, II, Jefferson City, J. Brendan Ryan, Cir. Atty., Wm. M. Fraix, Jr., Asst. Cir. Atty., St. Louis, for plaintiff-respondent.

SMITH, Presiding Judge.

Anthony Miner appeals from a judgment of the Circuit Court denying his motion to "Vacate or Set Aside Conviction and Sentence Under Supreme Court Rule 27.26."

Miner was originally tried and found guilty, by a jury, of robbery in the first degree by means of a dangerous and deadly weapon. He was sentenced to twelve years. Notice of appeal was filed and a transcript prepared. Miner, through his attorney, then dismissed the appeal. This was done the day after movant pleaded guilty to a charge of assault with intent to kill with malice and was sentenced to twelve years to run concurrently with the previous sentence.

In his motion to vacate movant has stated his grounds as follows:

"(a) Movant was ineffectively assisted by counsel to such a degree so as to deny him of his rights guaranteed under the Sixth and Fourteenth Amendments of the United States Constitution.

"Movant was deprived of his appellate rights with respect to the conviction for reason that he was erroneously advised by the Court upon such matter.

"Movant was denied 'due process' of law in that prejudicial evidence of an unconstitutionally suggestive lineup identification procedure was admitted in evidence against him and under circumstances the said identification procedure was made so suggestive as to deny movant of his substantial rights guaranteed him under the Sixth and Fourteenth Amendments of the United States Constitution."

In response to question 9 of the 27.26 form movant made no additional statements of fact and stated that his witnesses and evidence would consist of the official trial transcript, his testimony and that of his attorney. The circuit court denied the motion to vacate without appointment of counsel and without evidentiary hearing. The trial court in its opinion held that 27.26 cannot be used as a substitute for appeal and that the motion failed to state sufficient facts to warrant relief under the rule. Movant complains of the trial court's failure to make specific findings of fact and conclusions of law on movant's asserted grounds to vacate and upon the failure of the trial court to appoint an attorney for movant and to hold an evidentiary hearing. If the trial court correctly concluded that the motion to vacate failed to allege sufficient facts to state a ground for relief under Rule 27.26, then the action of that court was proper and movant's contentions are without merit. Subparagraphs (e), (h), and (i) of Rule 27.26 are all couched in terms of "issues" of fact or law raised in the motion, and we find it implicit that if no "issues" are raised the procedures there provided are not required. "Issues" are raised in our judicial system by allegations of fact. We agree with the trial court that the allegations of fact are insufficient, in fact, they are non-existent.

We are aware that great liberality must be exercised in passing upon the attempts of unlettered laymen to invoke the benefits of Rule 27.26. No lawyerlike precision should be expected nor required. On the other hand, we do not envisage the protections of Rule 27.26 as an automatic second proceeding to which a person convicted is entitled by merely stating his desire for such proceeding. If such was the intention there is no point in requiring the information provided for in the application for such relief. It would suffice for a petitioner simply to ask that his conviction be reviewed to determine whether his constitutional rights had been infringed. We believe the rule envisages some threshold requirement of stated facts which might establish such infringement.

Miner has made three statements of grounds for relief. The first is ineffective assistance of counsel, stated purely as a conclusion, without any attempt to state in what way counsel was ineffective. We do not find it unduly burdensome to require a movant to make some statement of what this ineffectiveness consisted before the trial court is required to appoint counsel and hold an evidentiary hearing.

Miner's second ground is that he was denied his appellate rights because he was erroneously advised by the court. Again this is a bald conclusion and again we find no great burden in requiring some specifics of this "erroneous advice."

Miner's third ground is that evidence of a suggestive line-up was admitted into evidence. Once again the allegation is pure conclusion, is an attempt to review by 27.26 a purported trial error with no indication of the circumstances under which the evidence came in, the circumstances of the line-up nor any other factual allegation upon which a trial court could determine the legal validity of the claim.

We find none of the grounds asserted by movant allege facts which could authorize relief under Rule 27.26. Nor do movant's "allegations" in any way purport to directly contradict the verity of the records of

the court. See 27.26(e). We have found no case where the motion was as lacking in factual allegations as this one in which an evidentiary hearing has been held required. The court did not err in dismissing movant's petition. See Loflin v. State, 492 S. W.2d 770 (Mo.1973).

Judgment affirmed.

SIMEONE and KELLY, JJ., concur.