Jerry **HUMPHREY**, Movant-Appellant,

v.

**STATE** of Missouri, **Respondent**.

No. 57440.

Supreme Court of Missouri, Division No. 2.

Dec. 10, 1973.

Bernard W. Weitzman, St. Louis, for movant-appellant.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for respondent.

MORGAN, Judge.

Jerry Humphrey, hereinafter referred to as movant, sought postconviction relief under Rule 27.26, V.A.M.R. An evidentiary hearing was held, relief was denied and movant appealed prior to January 1, 1972.

Movant, originally, was tried as a second offender for the crime of operating an automobile without the consent of the owner in violation of § 560.175, RSMo 1969, V.A.M.S.; the trial court, after a jury verdict, fixed punishment at five years imprisonment under the provisions of § 560.180, RSMo 1969 V.A.M.S.; movant appealed, and the judgment was affirmed by this court in State v. Humphrey, 462 S.W. 2d 804 (1971).

Factual details surrounding the crime may be found therein; but, for purposes of this appeal, it is sufficient to say that the state's case was based on (1) the testimony of the owner that movant did not have permission to use his automobile, (2) the officer that observed movant driving the automobile with the hood "up" and made the arrest, and (3) a pedestrian who was brushed or struck by the automobile in such a manner that her coat, which was being carried on her arm, was caught on the left front fender.

Movant's first point on appeal is that he did not receive full and effective assistance of counsel, because (1) he was denied counsel of his own choosing, (2) experienced counsel was not provided, (3) counsel's investigation before trial was inadequate and (4) his counsel was not a member of the American Bar Association. We, as did the trial court, will consider the sub-points in order. As to number one, it has been ruled many times that selection of

counsel is within the discretion of the trial court and that an accused is not entitled to particular counsel of his own choosing. State v. Martin, 395 S.W.2d 97 (Mo.1965); State v. Williams, 419 S.W.2d 49 (Mo. 1967); State v. Hamblin, 448 S.W.2d 603 (Mo.1970). Number two is without merit. Appointed counsel was the public defender who had handled one hundred twenty cases, many of which were by trial, during the eighteen months immediately prior to the original trial of movant. Such experienced counsel is seldom available. As to number three, the trial court found: "[counsel] obtained a copy of the information lodged against the movant and subsequently informed movant of the nature of the charge; that [counsel] utilized notes of the preliminary hearing taken by a member of his staff; that [counsel] knew of the anticipated state's evidence after conferring with the Assistant Circuit Attorney; and, that [counsel] had two conferences with movant prior to trial." The record sustains the conclusion reached by the trial court, and, necessarily, the same can not be considered erroneous. Crosswhite v. State, 426 S.W.2d 67 (Mo.1968). As to number four, it appears movant was advised that membership in the American Bar Association does not call for any special skill in the trial of a cause and he has now waived the argument.

Generally, in connection with the alleged lack of effective assistance, movant relies on Goodwin v. Swenson, 287 F.Supp. 166 (W.D.Mo.1968), wherein the court said, l. c. 176 [4]: "An accused's right to effective assistance obviously is not limited to the court room. His counsel must make reasonable investigation of the facts and of the applicable law." The validity of such a standard can not be questioned, nor can it be determined that such a standard has been met simply by counting the time devoted to the task by counsel. State v. Turley, 443 F.2d 1313 (8th Cir. 1971). The scope of a "reasonable investigation" must turn on the factual situation presented in a particular case. Counsel, herein, found

himself with an accused who was caught in the act by the arresting officer. The owner of the automobile denied knowing movant, and the latter did not assert that he had the owner's, or someone he thought to be the owner, permission to operate the automobile. The demand that there be a reasonable preparation for trial does not call for an effort to fabricate evidence.

■ Second, it is argued that movant was denied a "speedy" trial. The record shows the offense and arrest took place on October 26, 1969, and the trial was held on March 11, 1970. The trial court found that the cause was tried within three terms of court in compliance with § 545.920, RSMo 1969, V.A.M.S. The point is totally without merit.

■ Third, it is contended that the name of the pedestrian witness was not endorsed on the original information, and that her name was added immediately prior to trial. The record reflects that five days prior thereto movant's counsel was notified of the state's intent to endorse an additional witness. This point was considered fully during the original appeal, 462 S.W.2d 804, at l. c. 807 [2], wherein the court found that "even after the event it is not apparent just how an interview [with the pedestrian] would have aided counsel." Ignoring for the moment Caffey v. State, 441 S.W.2d 681 (Mo.1969) and Covington v. State, 467 S.W.2d 929 (Mo.1971) that the same points are not cognizable herein, we again reach the same conclusion. The pedestrian testified: "I didn't see nobody in it [the car]." Nothing the witness said identified movant as the offender, and no showing is made that such testimony was prejudicial to movant.

■ Lastly, under the plain error rule, it is submitetd that some of the veniremen had been victims of crimes and movant was thus prejudiced. During voir dire, defense counsel inquired if such experiences would prohibit movant having a fair trial and the panel members indicated otherwise.

In this area, wide discretion must be given the trial judge who had an opportunity to observe the demeanor of the prospective jurors and evaluate possible prejudice. The record does not show an abuse of such discretion. See State v. Harris, 425 S.W. 2d 148 (Mo.1968).

From the record presented, the findings of the trial court can not be ruled erroneous and we conclude that movant did have a fair trial, McQueen v. State, 475 S.W.2d 111 (Mo. banc 1971), and is not entitled to post-conviction relief under Rule 27.26.

Judgment affirmed.

All of the Judges concur.