Larry Wayne **PERRYMAN**, Movant-Appellant,

v.

**STATE** of Missouri, Respondent.

No. 9516.

Missouri Court of Appeals, Springfield District.

Feb. 21, 1974.

Douglas & Douglas, Elvin S. Douglas, Kerry D. Douglas, Bolivar, for movant-appellant.

John C. Danforth, Atty. Gen., Robert Presson, Asst. Atty. Gen., Jefferson City, for respondent.

BILLINGS, Judge.

Larry Wayne Perryman claims the summary denial of his Rule 27.26, V.A.M.R., motion to vacate judgments of convictions and sentences by the Circuit Court of Polk County was error. We affirm.

Appellant was convicted by a jury of second-degree burglary and stealing in connection therewith and sentenced under the Second Offender Act to concurrent terms of six and two years imprisonment. His convictions were affirmed on direct appeal [State v. Perryman, 487 S.W.2d 515 (Mo. 1972)] and his postconviction motion followed.

Appellant contends he was entitled to the appointment of counsel and an evidentiary hearing on the various grounds asserted in his motion, together with findings of fact and conclusions of law by the trial court. In its order overruling appellant's motion the court determined that the motion "[A]ttempts to raise only trial errors and matters that should have been raised on direct appeal and the allegations of ineffective assistance of counsel is a conclusion only and states no facts requiring a hearing."

Rule 27.26(e), (h) requires a hearing and the appointment of counsel for a prisoner "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . " and "If a motion presents questions of law or issues of fact." Thus, the trial court by its order necessarily concluded appellant's motion failed to meet the standards required for post-conviction review. If the trial court was correct in arriving at its stated determination summary denial of appellant's motion was likewise proper. State v. Miner, 498 S.W.2d 814 (Mo.App.1973); Pauley v. State, 487 S.W. 2d 565, 567 (Mo.1972).

Trial error such as allegations concerning instructions and the admissions or exclusion of evidence cannot be brought

within the scope of a Rule 27.26 motion by simply alleging as a conclusion that they resulted in unfairness or affected constitutional grounds. O'Neal v. State, 486 S.W.2d 206 (Mo.1972). Here, appellant alleged an insufficiency of the evidence to support the burglarious stealing verdict, errors in the instructions, and errors in the reception of evidence. The first two matters were raised, considered, and ruled adversely to appellant in his direct appeal [State v. Perryman, supra, 487 S.W.2d at 518, 519] and any complaint about the evidence, being an alleged trial error, could have been raised. Points considered and rejected on direct appeal will not be considered in a post-conviction proceeding [Hatfield v. State, 487 S.W.2d 574 (Mo.1972)] and such a proceeding cannot be used as a vehicle to retry the criminal case on its merits [Keeny v. State, 461 S.W.2d 731 (Mo. 1971)], or, a second review of questions determined on direct appeal [Covington v. State, 467 S.W.2d 929 (Mo.1971)]. "A proceeding under this Rule ordinarily cannot be used as a substitute for direct appeal involving mere trial errors or as a substitute for a second appeal." Rule 27.26(b)(3). The above-mentioned grounds, being allegations of trial errors, do not present questions of law or issues of fact in appellant's motion to vacate.

■ The motion also alleged a violation of appellant's constitutional rights because his jury trial resulted in his receiving a longer sentence than the sentences received by his accomplices. According to the motion the accomplices entered pleas of guilty. This assertion likewise raises no issue of fact or law. Appellant's sentences were within the limits prescribed by law and if in fact his accomplices received lesser sentences this does not constitute a ground for relief and " . . . is not a matter to be considered on a 27.26 motion because his sentence was within the statutory limit . . . " Newman v. State, 481 S.W.2d 3, 7 (Mo.1972).

■ Appellant's allegation that he testified at the trial without knowing he was not required to do so and that it was the "court's duty" to advise him of his privilege in this respect, and such failure by the court constitutes "reversible error", presents no basis for relief under the Rule and is without merit.

Although asserted in reply to question 14 of the approved form for motions to vacate [Rule 27.26, Appendix, V.A.M.R.] as to why any grounds now asserted were not included in prior proceedings, and thus subject to the construction that the charge of ineffective assistance of counsel pertains to the direct appeal rather than his trial, we will, nevertheless, consider this as one of appellant's grounds—as did the trial court.

■ "Petitioners Counsel Did Not Do Any Work on His Case and Was Inefective (sic) As An Attorney" is the allegation. We agree with the trial court that this allegation is nothing more than a naked conclusion, unclothed with any facts. In State v. Miner, 498 S.W.2d 814, 815 (Mo.App.1973), our St. Louis brethren stated: "We do not find it unduly burdensome to require a movant to make some statement of what this ineffectiveness consisted before the trial court is required to appoint counsel and hold an evidentiary hearing." We agree. In *Miner* the court held movant's grounds to be mere conclusions and affirmed the dismissal, without appointment of counsel or conducting an evidentiary hearing, of the motion to vacate. Also see: Loflin v. State, 492 S.W.2d 770 (Mo. banc 1973).

■ In this appeal the appellant has also contended that since he disqualified the regular judge of the Polk County Circuit Court for his criminal trial that this disqualification carried over to this proceeding and that the special judge who presided at the criminal trial should have been the judge to consider his post-conviction motion. Alternatively, appellant argues that by reason of his allegation of bias and prejudice against the regular judge in the criminal case that the judge

should have voluntarily disqualified himself in this proceeding.

Appellant's disqualification of the regular judge in the criminal case was authorized and taken under Rule 30.12. This motion to vacate is a separate and independent civil proceeding and is governed by the Rules of Civil Procedure insofar as they are applicable. Rule 27.26 requires the motion to vacate to be filed in the court which imposed sentence. This was the Circuit Court of Polk County. Rule 51.05, formerly Rule 51.06, is the authority for a change of judge in a civil action such as a motion to vacate and in absence of appellant's compliance with the provisions of that rule, the regular judge of the Polk County Circuit Court could properly determine appellant's post-conviction motion. Warren v. State, 501 S.W.2d 173 (Mo.1973). Appellant's alternative proposition also falls because we recognize that disqualifications based on alleged bias, prejudice or interest have been filed when in fact the judge was neither biased, prejudiced or interested. State v. Vermillion, 486 S.W.2d 437 (Mo.1972). We therefore hold that the prior disqualification in the criminal case did not prevent the regular judge from ruling appellant's civil motion nor did the previous allegations of bias and prejudice in the criminal case disqualification require the regular judge to recuse himself in this proceeding.

We have reviewed the transcript of appellant's criminal case on direct appeal. We have no hesitancy in ruling that based on appellant's motion and the files and records reflected in the criminal trial transcript such documents conclusively show appellant is not entitled to relief under Rule 27.26. Further, no issues of fact or questions of law are presented by appellant's motion and the trial court properly ruled in summarily denying the motion without the appointment of counsel.

The judgment is affirmed.

HOGAN, C. J., not sitting.

STONE and TITUS, JJ., concur.