Conley BURNLEY, Jr., Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 35865.

Missouri Court of Appeals,
St. Louis District,
Division One.

Jan. 7, 1975.

Charles D. Kitchin, Public Defender, Joseph W. Warzycki, Asst. Public Defender, St. Louis, for movant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Philip M. Koppe, Asst. Attys. Gen., Jefferson City, Brendan Ryan, Circuit Atty., Gary W. Brandt, Asst. Circuit Atty., St. Louis, for respondent.

DOWD, Chief Judge.

Appeal from the dismissal of a motion made pursuant to Rule 27.26, V.A.M.R., for post-conviction relief. Movant was convicted in St. Louis Circuit Court of burglary in the second degree and stealing. Punishment was assessed under the Habitual Criminal Act at seven years and four years, respectively, both sentences to run concurrently. Movant's convictions were subsequently affirmed on appeal. State v. Burnley, 480 S.W.2d 881 (Mo.1972).

In September, 1973, movant sought to have his sentence vacated under Rule 27.26, alleging essentially that the evidence at his trial was insufficient to sustain his conviction. The State filed a motion to dismiss the petition because movant's sole allegation, the insufficiency of the evidence, had already been reviewed on the direct appeal. A hearing was had on the motion to dismiss, at which movant was represented by counsel. The trial court granted the State's motion and dismissed movant's Rule 27.26 motion. He appeals.

■■ A careful comparison of movant's petition with the Supreme Court's decision on direct appeal leaves no doubt that movant's allegation that the evidence was insufficient to support the conviction was fully reviewed by the Supreme Court. State v. Burnley, supra. "A proceeding under this Rule [27.26] ordinarily cannot be used as a substitute for direct appeal involving mere trial errors or as a substitute

for a second appeal." Rule 27.26(b)(3). This section of the rule has repeatedly been interpreted to mean that where a particular issue was raised and decided on direct appeal, it cannot again be raised in a Rule 27.26 motion. Agee v. State, 512 S.W.2d 401 (Mo.App.1974); Perryman v. State, 506 S.W.2d 480 (Mo.App.1974); Mooring v. State, 501 S.W.2d 7 (Mo.1973).

Movant, however, contends he amended his petition during the course of the hearing on the State's motion to dismiss, and that the amended petition entitled him to an evidentiary hearing on its merits. We disagree.

█ █ Movant claims the following exchange between the trial court and movant's counsel was sufficient to amend the petition:

"THE COURT: Thank you. What have you to say, Mr. Warzycki?

"MR. WARZYCKI: From interviewing the movant and from reading his 27.26—

"THE COURT: Where did you interview the movant?

"MR. WARZYCKI: Missouri State Penitentiary.

"THE COURT: When, sir?

"MR. WARZYCKI: Approximately three weeks ago. He seemed to be alleging, not basically that the evidence was insufficient, but it was that his attorney, James Bell, did not do a complete enough job to convince the jury that the evidence was insufficient, that the man had indicated to me he has not been sufficiently advised and that he was not given a copy of his appeal. As the motion itself evidences, he does not know the names of the police officers who testified against him. Under these circumstances, my position is that when he is reaising [sic] is the ineffective assistance of counsel." The above statement of movant's attorney in no way constitutes an amendment to movant's motion. At no time during the hearing did movant's attorney state that he was asking to amend or amending the motion to include ineffective assistance of counsel. The record clearly shows that movant's attorney was only stating his interpretation of movant's motion based on his conversation with movant in the penitentiary. His interpretation that the movant's motion raised ineffective assistance of counsel is plainly wrong. As said, the motion clearly raised only the issue of the sufficiency of the evidence. This was the only issue before the court and this issue had been disposed of on direct appeal. The court properly granted the respondent's motion to dismiss and dismissed the 27.26 motion without an evidentiary hearing. The court is not required to hold an evidentiary hearing where the files, records and prior decisions conclusively show that movant is not entitled to relief and error may not be predicated on the court's refusal to hold a hearing under such circumstances. Caffey v. State, 467 S.W.2d 857, 859 (Mo. 1971).

█ However, even if we were to treat the statements of counsel as an amendment to the motion, which we do not, the trial court would still be justified in dismissing the Rule 27.26 motion. A motion made under Rule 27.26 must allege sufficient facts upon which movant would be entitled to relief. State v. Miner, 498 S.W.2d 814, 815 (Mo.App.1973). Even if the motion could be considered orally amended, it presents only the bare allegation that movant had "not been sufficiently advised." This raises no factual issue requiring a ruling by the trial court. Smith v. State, 513 S.W.2d 407, 411 (Mo. banc 1974).

The trial court was not clearly erroneous when it failed to treat the petition as being amended and when it granted the state's motion to dismiss. Rule 27.26(j); Quinn v. State, 513 S.W.2d 455 (Mo.1974).

Judgment affirmed.

WEIER, CLEMENS and RENDLEN, JJ., concur.