**STATE of Missouri, Plaintiff-Respondent,**

v.

**Charles JOHNSON, Defendant-Appellant.**

**No. 36700.**

Missouri Court of Appeals,
St. Louis District,
Division One.

March 9, 1976.

Howard Paperner, James C. Jones, Asst. Public Defenders, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Philip M. Koppe, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

McMILLIAN, Judge.

Defendant, Charles Johnson, appeals from a judgment of conviction entered by the Circuit Court of the City of St. Louis, Missouri, on a jury verdict finding him guilty of stealing a motor vehicle, a felony. §§ 560.156 and 560.161, RSMo 1969. The court sentenced him to ten (10) years imprisonment in the custody of the Department of Corrections, § 556.280(1), RSMo 1969.

Since defendant does not question the sufficiency of the evidence, we set forth only those facts necessary to resolve the issues in question.

On August 22, 1974, while working on a rooftop surveillance team, Officer Charles Richmond saw the defendant enter a 1967 red Chevrolet, reach under the steering wheel, and drive away. Officer Richmond notified his two co-workers, Patrolmen Stanley Cunningham and James Smith. The two patrolmen stopped the defendant, took him into custody, and advised him of his Miranda rights.[1] *Miranda v. Arizona,*

---

1. "Number one: You have the right to remain silent. Number two: Anything you say can and will be used against you in a court. Number three: You have the right to a lawyer and to have him with you while you are being questioned. Number four: If you can't afford to hire a lawyer, one will be appointed for you before any questioning if you so desire."

384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). When asked whether he wished to make a statement, defendant answered "Yes" and made a complete admission.

Within minutes thereafter, Detective Richmond joined his two colleagues, repeated the Miranda warning to defendant, and received substantially the same statement. Upon the arrival of the car owner, two or three minutes later, Detective Richmond once again asked defendant if he understood the rights that had been previously read to him. Defendant said that he did and repeated his statement.

On appeal defendant contends that the court erred (1) in failing to sustain his challenge to the entire jury panel on the ground that eleven of the twenty-four veniremen had been victims of automobile thefts and (2) in failing to suppress his three statements because the officers failed to inform him that he had a continuing right to remain silent and to request an attorney. For the reasons set forth herein, we reject both claims and affirm the judgment of conviction entered by the trial court.

While eleven of the twenty-four veniremen indicated that they had been victims of automobile thefts, nine answered that their experience would in no way prevent them from giving the defendant a fair trial. One venireman whose car had been stolen within months of the trial was questioned extensively, and replied that she could presume defendant to be innocent and would require the state to prove its case beyond a reasonable doubt. Two of the eleven veniremen were not questioned at all as to their possible bias or prejudice.

From the record we do not know how many of the eleven questioned veniremen actually served on the jury. In any event, however, a litigant is entitled to a full panel of qualified jurors before making peremptory challenges, *State v. Lovell*, 506 S.W.2d 441 (Mo.1974).

Generally, a venireman who on voir dire shows his freedom from prejudice and his ability to give the accused a fair trial is qualified, *State v. Miller*, 264 Mo. 441, 175 S.W. 191, 194 (Mo.1915). The fact that a prospective juror has had an experience parallel to that of the injured party, without more, is not a sufficient reason to remove him for cause. In *Leavitt v. St. Louis Public Service Company*, 340 S.W.2d 131, 135–137 (Mo.App.1960), plaintiff sought recovery for injuries sustained while alighting from defendant's streetcar. Two of the veniremen had been hit by cars within five months of trial. Both stated that their experiences would not affect their decision, and the challenges for cause were overruled. In *State v. Eaton*, 504 S.W.2d 12, 17 (Mo.1973) and *Humphrey v. State*, 502 S.W.2d 251 (Mo.1973), our Supreme Court reached the same results in burglary trials where the venireman had been the victim of a previous burglary.

Uniformly, our court has reposed a broad discretion in the trial court in determining whether a venireman is qualified to sit as a juror and has stated that the trial court's ruling should not be disturbed unless it is clearly and manifestly against the evidence. *State v. Jones*, 384 S.W.2d 554, 558 (Mo.1964). In an earlier decision, *Moss v. Mindlin's Inc.*, 301 S.W.2d 761, 771–772 (Mo. 1957), the court set forth some guidelines for an appellate review:

" . . . [U]nless there is some fact which, we reasonably can say, in and of itself, necessarily showed prejudice, or unless there is an admission of prejudice, past or present, or unless there is something in the demeanor of the venireman which, despite his actual words, discloses the existence of prejudice in fact, we should not convict the trial court of an abuse of discretion in overruling a challenge for cause. . . . "

Here, without qualifications, nine veniremen answered unequivocally that they could give defendant a fair trial. In effect, defendant is asking us to presume, without proof, from the fact that the questioned veniremen who had had their cars

stolen anywhere from seven weeks to ten years before the trial were biased as a matter of law. This we refuse to do because, if there were some latent bias or prejudice on the part of the veniremen in question, defendant failed to sustain his burden of proof in this regard. None of the veniremen went into details about his personal experiences or disclosed any matters which would have resulted in prejudice against the defendant. Consequently, we find no abuse of discretion and rule this claim of error against defendant.

Defendant's second assignment is without merit. Here there was no prolonged interrogation; the entire questioning took place within minutes after he was arrested. On each occasion the officers gave him his full panoply of Miranda rights. Defendant acknowledged not only that he understood them, but also that he had been through the process before. In *Miranda v. Arizona,* supra, 384 U.S. at 473–474, 86 S.Ct. at 1627, the court stated:

> "Once warnings have been given, the subsequent procedure is clear. If the individual indicates in any manner, at any time prior to or during questioning, that he wishes to remain silent, the interrogation must cease. . . ."

Nothing in the record discloses any suggestion that defendant either attempted to refrain from or hesitated in making statements.

True, the state has the burden of proof to show that the statements were voluntary. *State v. Nolan,* 423 S.W.2d 815, 818–19 (Mo. 1968). But here there is no question that defendant was neither threatened, physically abused nor promised anything in exchange for his statements.

As to the sufficiency of the warnings, a defendant's claim that the officers never told him that his Miranda rights continued throughout the questioning was rejected in *State v. Harper,* 465 S.W.2d 547, 549 (Mo. 1971). In *Harper,* the court said:

> " . . . [T]he Miranda opinion does not require, as an integral part of the initial warnings, that the defendant be informed that he has the right to terminate the questioning at any time . . . [T]he warnings given defendant were not deficient in not including the specific statement that defendant could terminate the interview or conversation at any time."

We find no error in this regard.

Judgment affirmed.

WEIER, P. J., and RENDLEN, J., concur.