**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Terry JOHNSON, Defendant-Appellant.**

No. 38569.

Missouri Court of Appeals,
St. Louis District,
Division One.

Sept. 13, 1977.

Motion for Rehearing and/or Transfer Denied Oct. 11, 1977.

Application to Transfer Denied Nov. 14, 1977.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., Michael L. Sullivan, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

Robert C. Babione, Public Defender, James W. Whitney, Jr., Asst. Public Defender, St. Louis, for defendant-appellant.

DOWD, Judge.

Defendant Terry Johnson was convicted by a jury in the Circuit Court of the City of St. Louis of Robbery in the First Degree by means of a Dangerous and Deadly Weapon. §§ 560.120, 560.135, RSMo 1969. The court sentenced the defendant to ten years in the custody of the Missouri Department of Corrections. Defendant appeals. Defendant does not challenge the sufficiency of the

evidence, therefore only a brief review of the facts is required.

On October 24, 1975, defendant and one Calvin Bronaugh were apprehended shortly after the robbery of Imo's Pizza, an establishment in the City of St. Louis. The waitress who was held at gunpoint during the robbery identified both the defendant and Bronaugh. Both were charged with Robbery in the First Degree by means of a Dangerous and Deadly Weapon.

During the voir dire examination, the prosecutor made the following statement in questioning the prospective jury panel,

"Okay. As I indicated to the first group, you heard me tell them why I asked that last question. It's because if you, yourself, have been a victim of a crime and some of you folks have been a victim of a crime practically identical to this crime . . . ."[1]

Defendant's counsel objected on the grounds that the comment was on evidence which had not been given. The trial judge sustained the objection as "to the form of it." Defendant's counsel entered a motion to quash the entire jury panel on the grounds that the comment was prejudicial and would deny the defendant his right to a fair trial. The trial judge denied the request.

After a motion to suppress an out of court identification of the defendant was denied, the state presented its case. Defendant's motion for acquittal was denied at the close of the state's case. Defendant presented no evidence.

The jury returned a verdict of guilty and the defendant was sentenced as set out above. This appeal followed the denial of a post-trial motion.

Defendant raises one issue on appeal. Defendant contends the court erred in denying his motion to quash the entire jury panel after the prosecutor's "prejudicial" comment during the voir dire examination.

---

1. This statement is set forth in the transcript as an "excerpt taken from voir dire examination." This is the only portion of the voir dire examination contained in the transcript. The "last sentence" is not included.

In essence, defendant contends he was denied his right to a fair trial due to the prejudicial nature of the prosecutor's comment.

 Examination of jurors as to their ability to render an impartial verdict is conducted under the supervision of the trial court, and the nature and extent of examination by counsel is largely within the discretion of the trial court. *State v. Mudgett*, 531 S.W.2d 275 (Mo.1975), cert. denied, 426 U.S. 910, 96 S.Ct. 2234, 48 L.Ed.2d 835; *State v. Scott*, 515 S.W.2d 524 (Mo.1974). On review, appellate courts "will differ or interfere with the exercise of that discretion only when the record shows a manifest abuse of discretion and a real probability of injury to the complaining party, . . . such discretion applies also to control of specific questions." *State v. Scott* (Supra at 527). This discretion extends to the granting of challenges for cause on grounds beyond those specifically set out in the statute. *State v. Huffer*, 424 S.W.2d 776 (Mo. App.1968). We fail to see an abuse of discretion in not granting defendant's motion to quash the entire jury panel. Cf. *State v. Kiner*, 441 S.W.2d 720 (Mo.1969).

The statement made by the prosecutor makes no reference to the defendant. Its apparent purpose was to ascertain whether any veniremen had been victims of a crime. Absent further comment, a mere reference to the fact that some veniremen had been victims of a crime "practically identical" to the crime involved in this case did not inculpate the defendant. *See State v. Watson*, 511 S.W.2d 890 (Mo.App.1974); *Humphrey v. State*, 502 S.W.2d 251 (Mo.1973).

■ The fact that the trial judge sustained the defendant's objection as to form is worthy of note. The trial judge recognized the statement may be misleading or possibly create a prejudicial inference, and was therefore improper. However, an improper statement on part of counsel during voir dire does not necessarily require declaration of a mistrial or discharge of a jury. *M & A Electric Power Co-op v. True*, 480 S.W.2d 310 (Mo.App.1972). The trial judge is in a superior position to measure the overall effect of a statement on the jury's ability to render an impartial verdict. Absent a more flagrant outburst on the part of the prosecutor, we are unable to say the failure to grant defendant's motion to quash the entire jury panel was an abuse of discretion. *See State v. Johnson*, 534 S.W.2d 844 (Mo.App.1976).

For the reasons stated above, the judgment is affirmed.

CLEMENS, P. J., and SMITH, J., concur.