**Samuel R. BURKS, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 57653.**

Supreme Court of Missouri,
Division No. 2.

Feb. 12, 1973.

————◆————

Larry O. Denny, Kansas City, Court Appointed Attorney For Appellant.

John C. Danforth, Atty. Gen., Richard L. Wieler, Asst. Atty. Gen., Jefferson City, for respondent.

HOUSER, Commissioner.

This is an appeal from a judgment of the Circuit Court of Jackson County, Division No. 9, overruling a motion filed under Supreme Court Rule 27.26, V.A.M.R., to vacate a judgment of conviction of first degree robbery and a 7-year sentence entered upon a plea of guilty.

Appellant's sole complaint is that his plea was not voluntary; that after the case went to trial before a jury and one witness had testified appellant was induced to enter the plea of guilty because of a statement to appellant by the assistant prosecuting attorney that if appellant wanted a jury trial he would "make sure" that appellant "got so much time, that [he] wouldn't get out [for] a real long time. * * * [The prosecutor] didn't set no definite figure, you know, but he said if [appellant] didn't plead guilty and went to jury trial, he would make sure [appellant] got, you know, a whole lot of time." After considering the statement overnight and discussing it with his mother, and after being informed that the prosecutor would recommend seven years, the 21-year-old appellant entered a plea of guilty. In answer to questioning while pleading guilty appellant denied that he had been threatened or promised anything. His mother testified that appellant pleaded guilty to avoid a long sentence.

For the purpose of the motion the trial court accepted as true appellant's testimony that the prosecutor made the statement but held that "the same did not constitute an impermissible threat by the prosecuting attorney"; that "a prosecuting attorney who tells a defendant that he is going to get a substantial sentence is doing no more than a vigorous prosecutor should do"; that there was no threat in an impermissible sense. The court found that the allegation that the plea was induced by threats was not substantiated by the evidence.

The judgment of the trial court is based on findings of fact which are not clearly erroneous. No error of law appears. An extensive opinion would have no precedential value. See State v. Carter, Mo.Sup., 399 S.W.2d 74 [6, 7]; State v. Freedman, Mo.Sup., 282 S.W.2d 576. The judgment is affirmed in compliance with Supreme Court Rule 84.16(b).

STOCKARD, C., concurs.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion by the Court.

All of the Judges concur.