**Theodore Anthony DUISEN, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 56912.

Supreme Court of Missouri, Division No. 2.

Jan. 14, 1974.

**4**

William J. Tate, Fred H. Eppenberger, Husch, Eppenberger, Donohue, Elson & Cornfeld, St. Louis, for appellant.

John C. Danforth, Atty. Gen., Daniel P. Card II, Asst. Atty. Gen., Jefferson City, for respondent.

FINCH, Judge.

This is an appeal from the action of the trial court in summarily overruling appellant's motion under Rule 27.26 [1] to vacate his sentence of life imprisonment [2] on a charge of first degree murder. Notice of appeal was filed June 21, 1971, which vests jurisdiction in this court. We affirm.

Appellant's original conviction for murder in the first degree was affirmed on appeal. State v. Duisen, 428 S.W.2d 169 (Mo. banc 1967). After denial of his application for a writ of certiorari to the Supreme Court of the United States, appellant filed a motion to vacate under Rule 27.26. After a hearing thereon, at which he was represented by counsel, the motion was overruled. That action was affirmed on appeal. Duisen v. State, 441 S.W.2d 688 (Mo. banc 1969).

On January 26, 1971, appellant, acting pro se, filed a second motion to vacate under Rule 27.26. It is this motion and the court's action thereon with which we are concerned on this appeal. That motion stated in its concluding paragraph that the grounds for relief stated therein were the same as those recited in previous proceedings except for the stated ground that the trial court committed prejudicial error in allowing the circuit attorney "to state as evidence that the movant had identified the victim from a photograph and that he had stated that he had killed her."

The trial court, without appointing counsel or conducting a hearing, entered an order overruling the motion to vacate. After alluding to appellant's direct appeal, his first motion under Rule 27.26, and the appeal therefrom, the order concluded that from the files and records in the case appellant was entitled to no relief on his second motion because the matter contained therein should have been asserted in his prior motion. This appeal followed.

The basis for reversal urged on appeal is that under Rule 27.26(h) [3] the trial court was obligated to appoint counsel immediately. In effect, appellant's brief advances

---

1. All references to Rules are to Supreme Court Rules, V.A.M.R.

2. Appellant originally was sentenced to death, but on September 11, 1972, this court, pursuant to the decision of the Supreme Court of the United States in Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), reduced that sentence to life imprisonment.

3. "(h) Right to Counsel. If a motion presents questions of law or issues of fact, the court shall appoint counsel immediately to assist the prisoner if he is an indigent person. Counsel shall be given a reasonable time to confer with the prisoner and to amend the motion filed hereunder if desired. Counsel shall have the duty to ascertain from the prisoner whether he has included all grounds known to the prisoner as a basis for attacking the judgment and sentence and to amend the motion to include any claims not already included. If, for good cause shown, appointed counsel is permitted to withdraw, the trial court shall appoint new counsel in his stead."

this syllogism: (1) Under Rule 27.26(h) a trial court must appoint counsel immediately for the purpose of assisting an indigent defendant whenever any motion filed by him under Rule 27.26 presents a question of law or issue of fact; (2) appellant's second motion to vacate presented questions of law and issues of fact; (3) therefore, the trial court was obligated to appoint counsel in this case immediately after the motion was filed.

The fallacy in appellant's argument is that it overlooks the overall objective of our present Rule 27.26. When that rule was amended in 1967, the court sought to provide a vehicle for post conviction relief which was simple, efficient and prompt. To accomplish these objectives, a questionnaire form of motion was established which undertook to have all known claims on which a defendant relied asserted and adjudicated in a single motion, thereby avoiding successive, duplicative and time consuming proceedings. State v. Stidham, 415 S.W.2d 297 (Mo. banc 1967). In addition to providing in subsection (h) for appointment of counsel to assist defendants in availing themselves of the opportunity to raise and litigate all grounds for post conviction relief, the amended rule also spelled out in other separately numbered subsections various requirements and limitations. Subsection (c) required that the motion include "every ground known to the prisoner for vacating, setting aside or correcting his conviction and sentence," and to insure this it was also required that the prisoner verify the fact that he had recited all claims known to him. Subsection (d)[4]

related to successive motions and provided that the court was not to entertain such successive motions if the grounds for relief asserted therein were ones previously adjudicated adversely to applicant or even where the ground asserted was new if it could have been raised previously pursuant to the requirements of subsection (c). In addition, subsection (b)(3)[5] limited the kind of questions that could be raised by a motion to vacate.

██ Quite clearly, this court intended by subsections (b)(3) and (d) to qualify and limit those issues of fact and questions of law which could serve as a basis for and support a motion under Rule 27.26. It follows that if a trial court, under the provisions of subsections (b)(3) and (d), is not to entertain a motion to vacate, there is no need for the court to appoint counsel in connection with that motion. Therefore, when the files and records of a case show as a matter of law that a petitioner is not entitled to relief on the basis of the contentions alleged in his motion, either because they have been adjudicated previously or were known and could have been raised in a prior motion to vacate, or because they are merely trial errors not of constitutional dimension, the trial court is not called upon to appoint counsel under subsection (h) of the rule. A contrary interpretation of subsection (h), as contended for herein by appellant, would mean that a petitioner could repeatedly require a court to appoint counsel to confer with and represent the petitioner in collateral attacks on his sentence and judgment by simply alleging the same issues of fact and

4. "(d) Successive Motions. The sentencing court shall not entertain a second or successive motion for relief on behalf of the prisoner where the ground presented in the subsequent application was raised and determined adversely to the applicant on the prior application or where the ground presented is new but could have been raised in the prior motion pursuant to the provisions of subsection (c) of this Rule. The burden shall be on the prisoner to establish that any new

ground raised in a second motion could not have been raised by him in the prior motion."

5. "(b) When Remedy May Be Invoked. * * * (3) A proceeding under this Rule ordinarily cannot be used as a substitute for direct appeal involving mere trial errors or as a substitute for a second appeal. Mere trial errors are to be corrected by direct appeal, but trial errors affecting constitutional rights may be raised even though the error could have been raised on appeal."

questions of law over and over again, regardless of prior disposition thereof on previous occasions. This is not in harmony with the design and purpose of Rule 27.26.

Appellant cites and relies particularly on the case of Larson v. State, 437 S.W.2d 67 (Mo.1969). However, he fails to take cognizance of the fact that in Larson the court was dealing with an original rather than a successive motion to vacate.

The one assignment which appellant's motion contends is new relates either to testimony of the circuit attorney or to argument of the circuit attorney's office to the jury with respect to evidence admitted (it is not entirely clear which). In either event, these were alleged trial errors. In addition, they obviously would have appeared in the transcript on appeal from appellant's conviction and would have been known to defendant and his counsel at the time of the first motion under Rule 27.26. Under the provisions of subsections (b)(3) and (d), this assignment does not provide any basis for a successive motion under Rule 27.26.

We also have examined the other assignments in appellant's second motion to vacate. Without reciting the details of each such assignment, we observe that our examination thereof shows that all pertain either to matters previously raised and decided adversely to appellant on his direct appeal or his first motion to vacate. Consequently, these were matters which under the provisions of subsections (b)(3) and (d) of the rule clearly would not provide a basis for a successive motion. There was no allegation in appellant's motion to vacate and there is no assertion in his brief on appeal that any of these matters were not known to him or that they could not have been asserted in his first motion to vacate or that newly discovered evidence is involved.

Affirmed.

All of the Judges concur.