**Raymond WELLS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 57667.**

Supreme Court of Missouri, Division No. 1.

Jan. 14, 1974.

Justin C. Cordonnier, Armstrong, Teasdale, Kramer & Vaughan, St. Louis, for appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

SEILER, Judge.

This is an appeal from the denial of a motion to vacate under rule 27.26 V.A.M.R., following an evidentiary hearing. We have jurisdiction, this being a case where notice of appeal was filed prior to the change of jurisdiction which became effective January 1, 1972, and hence we are to retain and decide the case in accordance with provisions to that effect in Sec. 31 of the 1970 amendment to Art. V, Mo.Const., V.A.M.S.

The convictions and judgments which defendant seeks to have vacated are two. In the first one, defendant was tried by a jury and received a life sentence.[1] He waived his right to appeal the murder conviction and at the same time pleaded guilty to a first degree robbery charge growing out of the same transaction. In the robbery case, defendant received a life sentence, to run concurrently with the first life sentence.

Defendant contends that the waiver of the right to appeal the murder conviction and his guilty plea to the robbery charge were not voluntarily and understandingly made. He says the plea and waiver were made because he was under the mistaken belief that if he stood trial on the robbery charge the sentence imposed would automatically be consecutive. However, the trial court found that the defendant's main concern in waiving appeal on the murder charge and entering a guilty plea on the robbery charge was the possibility that the death sentence might be imposed if he

---

1. Another participant, Louis Andrew Scott, was tried separately, convicted of first degree murder, and sentenced to death, which was reversed and remanded in State v. Scott, 482 S.W.2d 727 (Mo. banc 1972) because of error in jury selection. The facts in that case were that three men robbed a loan company office in the course of which an employee, James Nolkemper, was shot and killed by one of the robbers, Thomas Clay.

stood trial again. Without taking space to recite the evidence, the fact is there is ample testimony in the record to support this view and the court's ruling on this point cannot be said to be clearly erroneous.

 Defendant argues further, adopting the trial court's determination as to the motivating factor behind his waiver and plea, that they should be set aside as involuntary because made under the threat of the death penalty, but the rule is that "The dilemma confronting a person charged with first degree murder (whether to plead guilty in the expectation that he would receive a life sentence or stand trial and risk imposition of the death penalty) 'does not amount to coercion of the sort which means that his plea of guilty is coerced and subject to collateral attack.' . . . " Richardson v. State, 470 S.W.2d 479, 484 (Mo.1971).

 Defendant's final point is that his waiver and plea should be set aside as involuntary because made under the threat of the robbery charge, which was illegal because in violation of the state and federal prohibition against double jeopardy. Defendant was convicted of first degree murder by a jury on an indictment which charged, "That Thomas Ivory Clay and Raymond Wells, acting with another, on the 28th day of April, 1967, at the City of St. Louis aforesaid, feloniously, willfully, and premeditately, deliberately, on purpose and of their malice aforethought did make an assault upon one James Nolkemper with a loaded shotgun, and then and there, feloniously, willfully, premeditately, deliberately, on purpose, and of their malice aforethought did discharge said shotgun at and upon the body of the same James Nolkemper thereby feloniously inflicting a mortal wound upon said James Nolkemper, from which said mortal would (sic) James Nolkemper did die on April 28, 1967; contrary to the form of the said Statute in such case made and provided, and against the peace and dignity of the State."

Defendant says he was convicted of murder on a felony-murder theory, based on his participation in the robbery, and that it therefore violates double jeopardy to prosecute him for the same robbery. The contention raised by defendant was rejected by this court, however, in the case of State v. Moore, 326 Mo. 1199, 33 S.W. 2d 905 (1930).[2]

The trial court's order is affirmed.

All of the Judges concur.

---

2. One of the objectives of double jeopardy is to prevent the state from unduly harassing an accused. 65 Yale Law Journal 339 (1956). But it should be pointed out that criminal rule 24.04 in its present form, permitting joinder in the same indictment or information in separate counts of all offenses which are part of the same transaction, was not in force at the time of the prosecutions before us. Therefore, this is not a case where the state is harassing defendant and the public with multiple and repeated prosecutions where one could have sufficed.