**Emanuel ROSS, Movant, Defendant-Appellant,**

**v.**

**STATE of Missouri, Plaintiff-Respondent.**

**No. 36007.**

Missouri Court of Appeals,
St. Louis District,
Division Three.

Dec. 10, 1974.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for defendant-appellant.

Downs & Johnson, O. J. Gibson, Jr., Cape Girardeau, for plaintiff-respondent.

GUNN, Judge.

Appellant Ross appeals from an order of the circuit court overruling his Rule 27.26, V.A.M.R., motion to set aside a judgment sentencing him to concurrent five year terms of imprisonment on pleas of guilty to five counts of attempting to obtain a narcotic drug by fraud, deceit, misrepresentation or subterfuge. The charges arose by reason of appellant's efforts to obtain narcotics from five different pharmacists through the use of an altered drug prescription form. The circuit court denied appellant's motion without evidentiary hearing, having found and concluded that "the records and transcript of the proceedings of the plea of guilty conclusively demonstrate that movant is not entitled to any relief under his motion filed under Missouri Supreme Court Rule 27.26." We affirm the decision of the trial court.

Appellant charges that the trial court erred in failing to hold an evidentiary hearing on his 27.26 motion which contained the following four basic grounds for relief: 1) that he was promised by his counsel and prosecuting attorney that he would be sent home as soon as his pleas were entered; 2) that he was threatened with "heavy time" and being tried as a second offender if he did not plead guilty; 3) that the sentence was predicated on a prior invalid conviction; 4) that the State's case rested solely on an altered prescription form, which appellant alleges was improperly taken from him without a search warrant; that, therefore, appellant was deprived of effective assistance of counsel by his counsel's failure to move to suppress the prescription form.

We find that the grounds for appellant's motion are devoid of merit. In our determination of whether appellant is entitled to an evidentiary hearing we are guided by the following tenet recited in Smith v. State, 513 S.W.2d 407 (Mo. Banc. 1974), 1. c. 411:

"A 27.26 movant, in order to be entitled to an evidentiary hearing, must plead *facts*, not conclusions, which, if true, would entitle him to relief and must show that such factual allegations are not refuted by facts elicited at the guilty plea hearing."

Appellant's first three points are that he was promised his freedom by the prosecutor and his counsel if he pleaded guilty; that his plea was coerced by threats of heavy punishment; that his sentence was predicated on a prior invalid conviction. The record contains absolutely no evidence which would support any of these contentions in the slightest degree and, in fact, completely refutes each contention. The trial judge exhibited great patience, care and concern for the appellant in questioning appellant concerning his understanding of the consequences of a plea of guilty. The record conclusively establishes that the plea of guilty was entered voluntarily with understainding of the charges. From the record it is clear that appellant understood the nature of the charge, his right to trial by jury, the acts sufficient to constitute the offense with which he was charged and the possible ranges of punishment and the bases therefor. Appellant was advised that sentencing was within the control of the trial court. The record is also clear that neither the prosecutor nor appellant's counsel exerted any coercive tactics in obtaining appellant's plea. Thus the first three

points raised by appellant afford no basis for relief. Loflin v. State, 492 S.W.2d 770 (Mo. Banc 1973); Pauley v. State, 487 S.W.2d 565 (Mo.1972); Hogshooter v. State, 514 S.W.2d 109 (Mo.App.1974); Griffin v. State, 513 S.W.2d 706 (Mo.App.1974). We add that even if true, threat of possible lengthy term of imprisonment if a defendant is found guilty by jury after trial does not form a basis for an evidentiary 27.26 hearing on such charge. Smith v. State, supra. But the record here does manifestly refute appellant's claims of promises of leniency, threats of heavy punishment or sentencing based on an invalid conviction. Appellant exercised his own volition and chose to plead guilty unequivocally with full knowledge of the facts and consequences in entering such plea and took his chances with the trial court as to punishment rather than risking the trial of the case before a jury. The plea was accepted by the trial court in complete compliance with Rule 25.04.

 Appellant's final claim of ineffective assistance of counsel by reason of failure to suppress the altered prescription form is not supported by the record. In a Rule 27.26 proceeding we do not consider the validity of a search and seizure nor determine whether a motion to suppress would have been granted or denied. Lewis v. State, 513 S.W.2d 772 (Mo.App.1974). Appellant here argues that the State could only make its case through the use as evidence of an illegally seized altered prescription form; that by his counsel's failure to move to suppress, appellant was denied effective assistance of counsel. This contention is not well founded, as the evidence of the prescription form was not utilized by the State as there was no trial at which evidence was presented. Loflin v. State, supra, at 773, of 492 S.W.2d. Furthermore, the factual basis for appellant's statement is apocryphal, as the State's case could have been made through other evidence, for example, through the physician issuing the prescription, or the five phar-

macists to whom the form was presented by appellant. Lewis v. State, supra.

An evidentiary hearing is not required under Rule 27.26 where the record conclusively establishes that the movant is not entitled to relief. Ivy v. State, 509 S.W.2d 148 (Mo.App.1974). Applying the principles of Smith v. State, supra, to the facts of this case, appellant has failed to plead facts, unrefuted by the record, which entitle him to an evidentiary hearing.

The judgment is affirmed.

SIMEONE, P. J., and McMILLIAN, J., concur.