Charles WEAVER, Appellant,

v.

STATE of Missouri, Respondent.

No. KCD 26850.

Missouri Court of Appeals, Kansas City District.

March 3, 1975.

Gary Eldredge, Kansas City, Lee M. Nation, Certified Law Student, for appellant.

John C. Danforth, Atty. Gen., Philip M. Koppe, Asst. Atty. Gen., Jefferson City, for respondent.

Before SWOFFORD, P. J., and WELBORN and HIGGINS, Sp. JJ.

ANDREW JACKSON HIGGINS, Special Judge.

Appeal from denial, without evidentiary hearing, of a second motion under Rule 27.26, V.A.M.R., to vacate and set aside judgment and sentence to 20 years' imprisonment entered upon plea of guilty to robbery, first degree.

By his prior motion, Charles Weaver sought to withdraw his guilty plea under Rules 27.25 and 27.26, V.A.M.R. His motion was denied after an evidentiary hearing, and he appealed the denial charging that his guilty plea was involuntary and a result of being misled as to punishment. The judgment denying relief was affirmed. State v. Weaver, 486 S.W.2d 482 (Mo. 1972).

As grounds for relief on this second motion, Charles Weaver alleged:

"(a) * * * [A]t the time of his plea he was incompetent due to the fact that he was under the influence of narcotics.

"(b) * * * [T]hat he did not fully understand the consequences [of his plea] for the reason of being illiterate; * * * that he was in a state of strain which was caused by an accident while he was working on a job.

"(c) * * * [T]hat he was misled into believing he would receive probation along with medical treatment.

"(d) * * * [T]hat the court was without jurisdiction to impose sentence for the reason that the state official had already relinquished jurisdiction by turning movant over to the federal authorities prior to sentence.

"(e) * * * [T]hat he was misinformed by the court of the maximum penalty that could be imposed; * * * that [he] was under the belief that he would receive all credit for jail time dated back to 1967."

On June 20, 1973, the court made these findings of fact and conclusions of law:

"On February 24, 1969, defendant appeared with his privately-employed attorney, Mr. Kenneth Simon, and announced ready for trial. The trial was commenced before the court and a jury, and at the conclusion of the State's evidence the cause was continued to the following day. On February 25, 1969, defendant again appeared in court with his attorney and announced that he wished to withdraw his plea of not guilty and plead guilty. Defendant was placed under oath and testified in detail, giving his account of his participation in the robbery as shown in the record of that trial which is made a part of the record in this proceeding. * * *

"Defendant was competent and fully understood the nature of the proceedings

against him; he was able to and actually did assist his counsel in his defense; and he was not under the influence of drugs or medication which impaired his ability to understand the nature of the proceedings against him or in any manner impair his ability to assist in his defense. The record fails to support his contention that he was in a state of strain as the result of an accident, and the court finds that he was physically and mentally competent to stand trial.

"That defendant did not merit probation and no promises of probation were made to him by his counsel, the State, or the court, nor was he misinformed or misled as to the penalty for the crime of armed robbery or the sentence that might be given in the event of his plea of guilty. The jury in his first trial found him guilty and assessed a sentence of twenty years, and the court finds that he was well aware that a sentence of twenty years was within the range of punishment for robbery in the first degree.

"The court further finds that the State of Missouri at all times retained jurisdiction to hold defendant accountable for his criminal actions and did not relinquish such state jurisdiction to the federal authorities by returning defendant to the federal authorities to complete his sentence for violation of the federal criminal laws, and movant's contention is overruled.

"All of the foregoing contentions relate to matters and conditions that movant was fully aware of and presented on his original appeal to the Supreme Court and were finally concluded by the affirmance of the trial court's ruling by the Supreme Court.

"A complete review of movant's motion and the record fails to disclose any additional claims of violations of movant's constitutional rights. The transcript of the record and proceedings on movant's trial and plea of guilty are made a part of this record, and the court finds that there is no legal basis for any additional evidentiary

hearing. See Colbert v. State, 486 S.W.2d 219. Movant's motion is therefore overruled."

Appellant contends that the court erred by denying his motion without an evidentiary hearing, and by failing to appoint counsel to assist him in litigation of his motion.

Appellant concedes that allegation "d" was ruled as a matter of law after review of pertinent documents in the file, and that allegation "e" was "conclusively resolved" in the prior appeal. His argument is that the files and records of this case do not "conclusively" show that he is entitled to no relief, asserting that there is an unresolved question of the influence and effect on his guilty plea of narcotics and physical deterioration following his accident. He would bring himself under the recent federal cases, particularly Fontaine v. United States, 411 U.S. 213, 93 S.Ct. 1461, 36 L. Ed.2d 169 (1973), despite the trial court's conceded general compliance with Rule 25.-04, arguing that such does not foreclose an evidentiary hearing for one who makes allegations outside the record which cannot be resolved by reference to the record.

The prior appeal contains more than five pages of the examination of defendant by both court and counsel showing "movant's understanding of the range of punishment * * *, the voluntariness of his guilty plea and an understanding of its consequences." State v. Weaver, supra, 486 S. W.2d 1. c. 484–488, 490 [1]. It shows also that defendant was questioned to determine that even though he was under a doctor's care, it was not for any mental problems. State v. Weaver, supra, 486 S.W.2d 1. c. 484.

In addition, the transcript of the plea proceedings of February 25, 1969, shows the following:

"THE COURT: You are not under any medication or any drugs that would prevent you from exercising your own free

will, are you? THE DEFENDANT: Well, I am taking drugs, * * *—THE COURT: What drugs are your taking? THE DEFENDANT: Drugs for my back and for my eyes, medications, but I don't think that would have anything to do with it. THE COURT: Is there a doctor prescribing these drugs for you? THE DEFENDANT: Yes, I am under a doctor's care now.

"THE COURT: But you know what you are doing? THE DEFENDANT: Yes, sir. THE COURT: Were you under the doctor's care yesterday and were you still taking the same medication? THE DEFENDANT: Yes, sir. THE COURT: How long have you been taking this medication? THE DEFENDANT: Ever since Friday.

"MR. SIMON [attorney for defendant]: I might say, Your Honor, he was injured in an industrial accident at Bert Lyon & Company, and he is under the care of Doctor—what doctor? THE DEFENDANT: Dr. Duncan, at 9th and Main."

Appellant's current arguments go to the voluntariness of his guilty plea, as did those on the first appeal, and question the prior resolution of that issue by references to his accident and treatments and physical deterioration connected with the accident. The fallacy in his position is the showing of record that his medications and drugs were prescribed for injuries suffered to his back and eyes in an industrial accident. By his own testimony, "I don't think that would have anything to do with it [exercising his own free will]," and he knew what he was doing. Appellant's complaints are thus shown to relate to matters and conditions about which he was fully aware at the time of his guilty plea, and which were presented and finally concluded on the first appeal.

■ The files and records of this case do thus conclusively show that movant is entitled to no relief on this second motion. Accordingly, the trial court was not re-quired to entertain the motion or to grant an evidentiary hearing. Rule 27.26(e), V.A.M.R. A proceeding of this nature cannot be used to gain a second review of a previously decided issue even though the appellant "may have a new citation to offer, or a somewhat different theory for seeking a favorable decision." Rule 27.-26(d), V.A.M.R.; Gailes v. State, 454 S. W.2d 561, 563 [2] (Mo.1970).

■ And where, as in this case, the movant is not entitled to relief because his grounds for relief have been adjudicated previously or were known and could have been raised in the prior motion, the trial court is not obliged to appoint counsel under Rule 27.26(h), V.A.M.R. Duisen v. State, 504 S.W.2d 3[1] (Mo.1974). Cf. Burrage v. State, 477 S.W.2d 118, 120 (Mo.1972), where no evidentiary hearing was accorded and error was committed in failure to appoint counsel on his pro se motion because he did raise issues of fact "sparingly."

■ This case also falls within the rule of Colbert v. State, 486 S.W.2d 219 (Mo. 1972), that where the record made at the time accused's plea of guilty was entered and accepted was sufficient to show the plea was made voluntarily with understanding of the nature of the charge and that accused was not entitled to relief from sentence, an evidentiary hearing was not required on accused's motion to vacate. See also Loflin v. State, 492 S.W.2d 770 (Mo. banc 1973); Pauley v. State, 487 S. W.2d 565 (Mo.1972); Smith v. State, 513 S.W.2d 407 (Mo. banc 1974); Hogshooter v. State, 514 S.W.2d 109 (Mo.App.1974); and see distinction between the application of Fontaine v. United States, supra, and this case in Colbert v. State, 496 S.W.2d 12 (Mo. banc 1973).

■ On the jurisdictional issue, allegation "d," suffice to say that surrender of custody of a prisoner between federal and state authorities does not result in a loss of jurisdiction to either party. Ponzi v. Fes-

senden, 258 U.S. 254, 42 S.Ct. 309, 66 L. Ed. 607 (1922); Anno. 62 A.L.R. 279; 21 Am.Jur.2d Criminal Law § 382, p. 403.

Judgment affirmed.

All concur.