**William Bernard KELLER, Movant-Appellant,**

v.

**STATE of Missouri, Plaintiff-Respondent.**

No. 35485.

Missouri Court of Appeals, St. Louis District, Division Two.

April 29, 1975.

William D. Mykins, Daniel V. O'Brien, St. Louis, for movant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

STEWART, Judge.

William Bernard Keller, movant pleaded guilty to the crimes of burglary first degree, sodomy, and forcible rape. He was sentenced to a term of twenty years on each count, with the sentences to run concurrently. He subsequently filed a motion under Rule 27.26, V.A.M.R. seeking to have the court vacate the guilty pleas. The trial Court, after making extensive findings and conclusions denied the motion without an evidentiary hearing.

Movant appeals contending that the trial court erred in failing to hold an evidentiary hearing and in failing to appoint counsel to represent him on the motion.

In his motion he alleged that his mind was so disturbed at the time he pleaded guilty that he could not comprehend the nature of his plea. By the motion he also sought to have his plea set aside so that he could litigate the defense of insanity at the time of the commission of the acts with which he was charged.

An evidentiary hearing is required only when movant has ". . . plead facts, not conclusions, which, if true, would entitle him to relief and must show that such factual allegations are not refuted by facts elicted at the guilty plea hearing." Smith v. State, 513 S.W.2d 407, 411 (Mo. banc 1974).

Prior to trial, movant's retained counsel filed a motion for appointment of a physician to determine whether movant possessed a mental disease or defect which would exclude his legal responsibility for the offenses charged. This motion was sustained. The trial court appointed Dr. Nathan Blackman, a psychiatrist, to examine Keller. He found no evidence of

any thought disorder and further that, "movant was competent to stand trial in that he knows the nature of the charges against him and can cooperate with the counsel in his own defense." Dr. Blackman described movant as an inferiority-ridden, deeply frustrated, dissatisfied person who felt unfulfilled and unappreciated in his marriage. He diagnosed movant as psycho-neurotic, mixed type. It was his opinion that movant's commission of the crime charged was the result of ". . . excessive drinking prior to the offense, as well as the neurotic preoccupation with jealousy . . ." The defendant made no objection to the report.

Movant's trial began October 31, 1972. A jury was impaneled and following the prosecutor's opening argument, defense counsel gave an opening statement which can best be described as a plea for mitigation. He advised the jury that the defense would call the examining psychiatrist who "is not going to tell you this man is not guilty by reason of mental disease or defect." He then admitted that the charges brought against movant were true.

The court at that point excused the jury and conferred with counsel and movant, stating that he wished to determine whether movant fully understood what was transpiring before proceeding with the trial. They advised the Court that they realized that the statement was an admission of guilt on all three charges.

The movant told the Court that he, his wife and his parents, had known that his attorney was going to make the admissions contained in the opening statement and that he had authorized his attorney to make those statements; that he fully understood that there were three charges against him and the range of the charges; that he wanted to leave the punishment up to the jury.

During the course of this colloquy the following occurred:

"The Court: Mr. Keller, what I am principally concerned about is whether or not you have full knowledge of what is happening here now.

The Defendant: Yes, I believe I do.

The Court: And you have confidence in your lawyer's ability—

The Defendant: Yes, I do.

The Court: —to properly represent you. You are not under the influence of any drugs or alcohol?

The Defendant: No sir. I don't, I don't believe in trying to get away with something that, you know, lie, because I am guilty and I want to pay for what I have done."

The Court in compliance with movant's request instructed the jury that they would return verdicts of guilty on all three charges and that the matter for consideration of the jury would be confined to the issue of punishment.

The Court then permitted movant's parents to testify with respect to their son's general background including the broken home and other circumstances which the defense felt would affect movant's behavior and affect mitigation of the punishment.

On the following day as court convened counsel informed the Court that movant wished to waive the jury, plead guilty and have the Court assess the punishment. Defendant confirmed by voluntarily stating, "I waive my . . . the trial by jury. I want to rather leave it up to the judge."

The Court then proceeded to take the plea. This proceeding covers twelve pages of the transcript. The Court determined that movant had a high school education and was taking college courses; that he was aware of the range of punishment.

The proceedings in part are as follows:

"The Court: You are not saying you didn't know what you did?

The Defendant: Well, I know I did it but I don't know why I did it.

The Court: But you are not saying that you were insane?

The Defendant: No, I don't say I am insane. I say I have got nervous problems maybe but not insane."

The Court further questioned the voluntary character of his plea of guilty:

"The Court: All right. Now Mr. Keller, You heard the prosecutor's statement and you heard that he has evidence to support this. Do you—you say that that is right?

The Defendant: I plead guilty, Your Honor.

The Court: Plead guilty to what the Prosecutor says you're guilty—

The Defendant: Yes.

The Court: And you heard him outline the range of punishment?

The Defendant: Yes.

The Court: Now, have any threats or promises been made to induce you to plead guilty?

The Defendant: No. I just wanted to get it over with and not cause my family any more problems than I have.

The Court: All right. Here is another question I want to ask you: Do you believe there is any understanding or have any predictions been made to you concerning the sentence?

The Defendant: No. I was told that I could possibly get life.

The Court: You feel you fully understand your rights and the consequences of your plea; is that right?

The Defendant: Yes, I do.

The Court: And you are saying you are in fact guilty?

The Defendant: Yes.

The Court: Still wish to plead guilty?

The Defendant: Yes.

The Court: All right. Mr. Mykins, do you know of any reason why the defendant should not plead guilty to the three charges?

Mr. Mykins: I do not, Your Honor."

Prior to pronouncing sentence the Court found as a matter of fact that movant was acting voluntarily, fully understanding the nature of the charges, his rights and the consequences of his plea and that movant was in fact guilty.

■ The files and record in this case sustain the finding made by the trial court before he pronounced sentence and also upon consideration of the motion under Rule 27.26. Reading movant's allegations as factual, the files and records clearly refute his contention that his mind was so disturbed that he could not comprehend the nature of his plea. The psychiatrist, whom he had intended to call as a witness found that movant knew the nature of the charges against him and that he was competent to stand trial and to cooperate with his counsel in his defense. The trial court thoroughly probed this issue immediately after the opening statement of the defense and again on the following day before formally accepting movant's plea. No evidentiary hearing was required. Smith v. State, *supra*.

■ Having reached this conclusion the purpose for which movant sought to set aside his plea is no longer relevant. We may note, however, that defendant made a rational and deliberate choice not to interpose the defense of not guilty by reason of insanity. The defense was clearly abandoned in the opening statement which was ratified by defendant personally. Anderson v. State, 493 S.W.2d 681 (Mo.App. 1973).

■ Having reached the conclusions that an evidentiary hearing was not re-

 

quired it follows that movant was not entitled to the appointment of counsel to assist him with the motion. Duisen v. State, 504 S.W.2d 3 (Mo.1974).

The judgment is affirmed.

CLEMENS, P. J., and KELLY, J., concur.