James E. ROWDEN, Appellant,

v.

STATE of Missouri, Respondent.

No. KCD 26812.

Missouri Court of Appeals,
Kansas City District.

May 5, 1975.

Willard B. Bunch, Public Defender, Sixteenth Judicial Circuit, Cenobio Lozano, Asst. Public Defender, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Special Asst. Atty. Gen., St. Louis, for respondent.

Before WASSERSTROM, P. J., and SHANGLER and DIXON, JJ.

PER CURIAM:

An appeal from a trial court order denying relief on a motion under Rule 27.26, V.A.M.R. The trial court order is affirmed.

Movant went to trial on a charge of armed robbery. After two days of trial and at the point of the submission of the case to the jury, his counsel announced to the court he wished to enter a plea of guilty. The trial court conducted a hearing at that time to determine the voluntary nature of the plea, accepted it as voluntary and sentenced movant to five years imprisonment, the minimum punishment for that offense. No appeal was taken from that judgment.

Thereafter, movant, proceeding in forma pauperis, commenced a proceeding pursuant to Rule 27.26, seeking post conviction relief and, specifically, correction of judgment and sentence. The motion was summarily overruled, the court denying movant

an evidentiary hearing. On July 23, 1973, this court granted movant leave to file this appeal out of time in accordance with Rule 81.07(a).

 Movant's sole assignment of error alleges that the court erred in summarily overruling his motion because said motion presented material issues of fact and law in regards the voluntariness and understanding of his plea. Movant went to trial on an information charging robbery by means of a dangerous and deadly weapon, proscribed by Section 560.135, RSMo 1969, V.A.M.S. Movant claims his actual crime was stealing from the person, due to the fact he was not armed. Movant unequivocally pleaded guilty to the lesser included offense of robbery in the first degree, proscribed by Section 560.120 RSMo 1969, V.A.M.S., and received the minimum sentence of five years for that offense. Proof of the use of a dangerous and deadly weapon is not required to support that charge. State v. Gabriel, 342 Mo. 519, 116 S.W.2d 75, 77 (1938). At the plea proceeding, movant admitted to each and every factual element which together constitute robbery in the first degree: (a) a felonious taking of the property of, in the care of, one Loretha Butler; (b) against her will; and (c) by putting her in fear of some immediate injury to her person. Section 560.120 RSMo 1969, V.A.M.S.; State v. James, 347 S.W.2d 211, 213 (Mo.1961). Movant has not pleaded facts, which if true, would entitle him to relief, even if his conclusory allegations as to "involuntary" nature of his plea were accepted as factual. They are refuted by the facts elicited at the guilty plea hearing; he is, therefore, not entitled to an evidentiary hearing on his motion. Smith v. State, 513 S.W.2d 407 (Mo. banc 1974); Hogshooter v. State, 514 S.W.2d 109 (Mo.App.1974).

Therefore, no error of law appears, and an opinion would have no precedential value. The judgment is affirmed. Rule 84.-16.

All concur.