**Joseph JACKSON, Jr., Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 38253.

Missouri Court of Appeals,
St. Louis District,
Division One.

March 8, 1977.

Huck, Kasten, & LaBeaume, Graham W. LaBeaume, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Preston Dean, Asst. Atty. Gen., Robert M. Sommers, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., John D. Chancellor, Asst. Circuit Atty., St. Louis, for respondent.

DOWD, Judge.

This is an appeal by movant-appellant, Joseph Jackson, Jr., from an order of the circuit court of the City of St. Louis denying without an evidentiary hearing his motion to vacate sentence pursuant to Supreme Court Rule 27.26.

On November 8, 1971, movant entered a plea of guilty to the charge of murder first degree and was sentenced to life imprison-

ment. No transcript of the plea proceeding is available due to the death of the court reporter. The trial judge, Michael F. Godfrey, noted from his own files, however, that two attorneys were appointed to represent movant, several pre-trial motions were filed, and the case was assigned for trial before movant entered his plea.

Movant filed a 27.26 motion to vacate judgment and sentence on May 17, 1976. His grounds for relief as set forth in his motion are as follows: (a) Movant was threatened by the trial court judge, Michael F. Godfrey, that unless movant were to enter a plea of guilty, he would be sentenced to death on the charge of First Degree Murder. This same threat was conveyed to movant by his court-appointed attorney, James C. Jones, III. Movant alleged that Judge Godfrey represented to him the authority of the State of Missouri and was thereby coerced into entering the plea of guilty. "Movant hereby declared his innocence of the charge."

In response to question 9 of the 27.26 form movant made no additional statements of fact and stated that his witnesses and evidence would consist of the testimony of the trial court judge and his attorney. The circuit court denied the motion to vacate without appointment of counsel and without evidentiary hearing. In its opinion the trial court held that the motion did not present a question of law or fact which required a hearing or appointment of counsel. We found the learned trial judge's detailed memorandum opinion helpful and relevant portions of it are made an appendix to this opinion.

The points raised by appellant can be consolidated into one issue: Whether the trial court erred in finding that the motion did not present a question of law or an issue of fact and could therefore be denied without an evidentiary hearing or the appointment of counsel. We agree with the trial court that the motion failed to meet the required standard for post-conviction review and therefore affirm the judgment below.

Before a movant is entitled to an evidentiary hearing, his motion must present factual allegations, not conclusions, which, if true, would entitle him to relief. *Smith v. State*, 513 S.W.2d 407 (Mo. Banc 1974) *cert. denied*, 420 U.S. 911, 95 S.Ct. 832, 42 L.Ed.2d 841 (1975). Conclusions stated without supporting facts are insufficient to raise issues and hence do not require a hearing or the appointment of counsel. *State v. Miner*, 498 S.W.2d 814, 815[1] (Mo.App.1973). Jackson's allegation that he was "threatened" is, in the absence of any further facts alleged to support it, a conclusion. The alleged statements of the trial judge, considered without the conclusional term "threat," are permissible statements. Even if true, allegations of such statements do not state a claim for relief.

The trial judge has the duty to advise a defendant of the consequences of his guilty plea, including the range of punishment which may result from his plea. *State v. Conner*, 500 S.W.2d 300, 303[3] (Mo. App.1972). At the time Jackson entered his plea, death or life imprisonment was the range of punishment for murder first degree. Inasmuch as movant referred to the imposition of the death penalty in his allegations, it is deducible that the trial judge advised movant that death was the maximum punishment for the offense with which he was charged. Movant's lawyer also should have advised him of the possibility of receiving the death penalty if he should stand trial. It should be noted that neither the judge nor movant's attorney would have been able to carry out a threat to have the death penalty imposed, since movant had no prior convictions and therefore punishment would have been fixed by the jury in the event of trial.

Even if statements by the judge or his attorney caused movant to feel coerced in entering his plea of guilty, by warning him of the possibility that the death sentence would be imposed following trial, his plea was not therefore involuntary. It is by now well established that a plea of guilty entered to avoid the possibility of the death penalty is not thereby ren-

dered involuntary. *Brady v. United States*, 397 U.S. 742, 755, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *Taylor v. State*, 539 S.W.2d 589, 590[1] (Mo.App.1976); *State v. Clay*, 520 S.W.2d 172, 176[3] (Mo.App.1975). Movant's dilemma in his decision whether to plea guilty in the expectation that he would receive a life sentence or stand trial and risk the death penalty, does not amount to coercion that renders a plea of guilty involuntary, even where the defendant protests his innocence. *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); *Wells v. State*, 504 S.W.2d 96, 97[1] (Mo.1974).

By merely labeling otherwise permissible statements threats, movant cannot, without other supporting facts, state a ground for relief. *Taylor v. State*, 539 S.W.2d 589, 590[1] (Mo.App.1976); *Smith v. State*, 513 S.W.2d 407, 411[2] (Mo. banc 1974), *cert. denied*, 420 U.S. 911, 95 S.Ct. 832, 42 L.Ed.2d 841 (1975); *Ross v. State*, 517 S.W.2d 185, 187[3] (Mo.App.1974). We therefore approve the trial court finding that movant's motion did not present a question of law or fact and that therefore the trial court did not err in failing to hold an evidentiary hearing.

■ We also find it significant that movant waited 4½ years to file his motion. The trial court properly considered this fact in overruling the motion. While Rule 27.26 provides that a motion may be filed at anytime the defendant is in custody, it should be filed within a reasonable length of time, and delay is a relevant factor in consideration of the motion on its merits. *Flood v. State*, 476 S.W.2d 529, 534[4] (Mo. 1972); *Rhoades v. State*, 504 S.W.2d 291, 292[1] (Mo.App.1973).

Movant argues that he is entitled to the opportunity to prove his allegations at a hearing because, due to the lack of a record of the guilty plea proceeding, his plea cannot be shown to be voluntary. This argument fails because we have held that movant's allegation of threat is a conclusion which does not state a ground for relief and that movant's other allegations, even if he were to prove their truth, do not entitle him to relief. A hearing would therefore be a useless exercise. *See, Trout v. State*, 523 S.W.2d 529, 533[3] (Mo.App.1975); *accord, Fisk v. State*, 515 S.W.2d 865, 866[1] (Mo.App.1974).

Movant also contends that the trial court erred in not immediately appointing him counsel so that he could have amended his motion to include the new grounds he tried to raise unsuccessfully by a pro se motion filed after the trial court lost jurisdiction.

■ However, where, as in the present case, no issues are raised by the motion to vacate and a hearing is therefore not required, counsel need not be appointed. *Winston v. State*, 533 S.W.2d 709, 715[6] (Mo.App.1976); *State v. Miner*, 498 S.W.2d 814, 815[1] (Mo.App.1973).

The judgment is affirmed.

CLEMENS, P. J., and WEIER, J., concur.

## APPENDIX

## MEMORANDUM OPINION

### OF

### TRIAL JUDGE MICHAEL F. GODFREY

Thereafter, and on the 21st day of May 1976, Memorandum Opinion was filed, as follows: (Caption and signature omitted).

"Motion of Defendant filed under Rule 27.26 to Set Aside Conviction and Sentence alleges as grounds for relief the following:

"A. Movant was threatened by Judge Michael F. Godfrey that unless he pleaded guilty he would be sentenced to death on the charge of First Degree Murder.

"B. This threat was conveyed to Movant by his court-appointed attorney.

"C. That Judge Godfrey 'represented to him the Authority of the State of Missouri and was thereby coerced into entering the plea of guilty.'

"D. Movant 'hereby' declares his innocence of the charge (emphasis added).

"It is settled law that a Court may take judicial notice of its own files and records in post-conviction proceedings. *Parks vs.*

*State* [Mo.App.], 518 S.W.2d 181(8). This being so this Court notices that by indictment the Movant was charged with the felony offense of Murder First Degree, filed of record July 13, 1971. On July 20, 1971, and July 28, 1971, two attorneys were appointed to represent defendant. They thereafter filed Motion to Suppress, Motion to Dismiss and Notice of Defense. After a continuance was granted defendant on September 27, 1971, because of absence of witness Nathan Blackman, a second Amended Notice of Defense containing allegations of Mental Disease or Defect excluding responsibility was filed. On November 4, 1971, the State endorsed various witnesses it intended to call at the trial. On November 8, 1971, the Cause was assigned to Division No. 17 for trial. This Court on said date entered the following order:

"Upon the stipulation entered in Cause No. 2014–Q, which is directly connected with this Cause No. 1714–T, this Court finds beyond a reasonable doubt that this defendant is not incapacitated by any mental disease or defect which renders him unable to understand the proceedings against him or which renders him unable to assist in his own defense, and this is based both on the Stipulation of Competence to Proceed and the record made in Cause No. 2014–Q.

"On Monday, November 8, 1971, this Movant entered a plea of guilty to charge of Murder First Degree. A transcript of this plea was made, however due to death of the court reporter, Theodore Standroff, said transcript is not readily available, however, this Court knows the following:

"1) This Court has never conversed with movant or any other accused either in chambers or elsewhere save for the actual taking of a plea, and then only in open court.

"2) This Court has never 'threatened' accused or any other accused or importuned the entry of a plea of guilty to any charge by any defendant, and in fact, as hereinafter will be mentioned, has refused to accept pleas of guilty where the Court was not satisfied, beyond all doubt, after what this Court regards as thorough interrogation, that said pleas of guilty were knowingly, intelligently, freely and voluntarily made.

"With reference to the charges as set forth in (a), (b), (c), and (d), of paragraph 8 of the Motion, scrutiny will reveal that only vague, conclusionary and self-serving allegations are averred, and no facts are asserted or alleged upon which said allegations are based. Clearly the word 'threatened' is a conclusion, and this, even taking into account the context of the remaining portion of the assignment. In this regard it should be noted that there were no prior convictions pleaded and therefore the jury in the Cause not only had to find guilt or innocence but also to fix the punishment.

"Paragraph 8(b) appears to the Court to be contradictory to the averments contained in 8(a) and again said averments are vague, conclusionary and self-serving. As to 8(c) the wording of said assignment is vague in meaning, conclusionary, indefinite and self-serving, presenting no facts on which to predicate its merits. As to paragraph 8(d) the averment that 'movant hereby declares his innocence of the charge' appears to the Court to be nothing more than a conclusionary and self-serving statement.

"This plea of guilty was entered in the Cause on Monday, November 8, 1971, and *Furman vs. Georgia*, 408 U.S. 238, 33 L.Ed.[2d] 346, 92 S.Ct. 2726, was not decided until June 29, 1972, thus the range of punishment for Murder First Degree in this State was death or life imprisonment. As to the burden of proof in 2726 Motions, same is on Movant seeking relief (*Mace vs. State* [Mo.], 452 S.W.2d 130) and the grounds therefore must be proven and established by a preponderance of evidence. (*Haynes vs. State* [Mo.App.], 491 S.W.2d 10). Further, facts must be set forth and alleged sufficient to state a claim in order to entitle movant to a hearing on the issue raised. *Shields vs. State* [Mo.App.], 491 S.W.2d 6. Merely reciting conclusions, self-serving statements and vague assertions will not suffice. *Brown vs. State* [Mo. App.], 512 S.W.2d 404; *Ross vs. State* [Mo.

App.], 417 [517] S.W.2d 185; *Cook vs. State* [Mo.App.], 511 S.W.2d 877; *McCrary vs. State* [Mo.App.], 529 S.W.2d 467; *Keller vs. State* [Mo.App.], 523 S.W.2d 127; *Sherrill vs. State* [Mo.App.], 515 S.W.2d 611; *Cruz vs. State* [Mo.App.], 515 S.W.2d 610; *Wright vs. State* [Mo.], 478 S.W.2d 347; *Beisher [Beishir] vs. State* [Mo.], 480 S.W.2d 883; *Rowden vs. State* [Mo.App.], 523 S.W.2d 102; *Gailes vs. State* [Mo.], 454 S.W.2d 561; *Weaver vs. State* [Mo.App.], 520 S.W.2d 640; *Cooper vs. State* [Mo.App.], 520 S.W.2d 666; *Shields vs. State* [Mo.App.], 491 S.W.2d 6; *Fisk vs. State* [Mo.App.], 515 S.W.2d 865; *Thomas vs. State* [Mo.], 485 S.W.2d 413; *State vs. Miner* [Mo.App.], 498 S.W.2d 814; *Garrett vs. State* [Mo.App.], 503 S.W.2d 45; *State vs. Hale* [Mo.], 400 S.W.2d 42; *Montgomery vs. State* [Mo.App.], 529 S.W.2d 8; *Hurse vs. State* [Mo.App.], 527 S.W.2d 34; *Ward vs. State* [Mo.], 451 S.W.2d 79. The assignment in said Motion is ruled against Movant.

"This Court in *State vs. Eugene Ford* [Mo.], 487 S.W.2d 1, refused to accept a plea of guilty wherein it appeared that defendant did not admit to the elements of the crime charged. In *Beach vs. State* [Mo.], 488 S.W.2d 652, the Court held that it must be shown that manifest injustice resulted from the acceptance of a plea of guilty. See also *Winford vs. State* [Mo.], 485 S.W.2d 43.

"Moving to a consideration of the merits of the grounds alleged in said Motion, the lack of merit of same is demonstrated by the following cases, to wit: *Burks vs. State* [Mo.], 490 S.W.2d 34; *Dabbs vs. State* [Mo.App.], 489 S.W.2d 745; *Abercrombe [Abercrombie] vs. State* [Mo.], 457 S.W.2d 758; *Vaughn vs. State* [Mo.], 443 S.W.2d 632; *Fleck vs. State* [Mo.], 443 S.W.2d 100; *Jefferson vs. State* [Mo.], 442 S.W.2d 6; *Wells vs. State* [Mo.], 504 S.W.2d 96; *Hall vs. State* [Mo.], 501 S.W.2d 1; *Evans vs. State* [Mo.], 477 S.W.2d 94; *Skaggs vs. State* [Mo.], 476 S.W.2d 524; *State vs. Blackstone* [Mo.], 456 S.W.2d 323; *Ross vs. State* [Mo.App.], 517 S.W.2d 185; *Smith vs. State* [Mo.], 513 S.W.2d 407; *Nelson vs. State* [Mo.App.], 508 S.W.2d 227.

"It is interesting to note that the alleged coerced plea was entered on November 8, 1971, and said Motion to Set Aside was not filed until May, 1976, almost four and one-half years thereafter. The Court may take this fact into consideration in considering the merits of the claim, *Rhoades vs. State* [Mo.App.], 504 S.W.2d 291, and in this regard, it is further noted that by and large four and one-half years is a substantial time for one to wait where he considers himself and his rights infringed upon.

"Considered in the light most favorable to Movant, there is no assignment in the Motion which would entitle the Movant to an evidentiary hearing, as said Motion does not present a question of law or an issue of fact which requires such a hearing. *Humphrey vs. State* [Mo.], 502 S.W.2d 251; *Paulez [Pauley] vs. State* [Mo.], 487 S.W.2d 565; *Belts [Betts] vs. State* [Mo.App.], 493 S.W.2d 361; *Meeks vs. State* [Mo.App.], 512 S.W.2d 215; *Ross vs. State* [Mo.App.], 517 S.W.2d 185; *Hogshooter vs. State* [Mo.App.], 514 S.W.2d 109; *Bradley vs. State* [Mo.], 494 S.W.2d 45; *Perryman vs. State* [Mo.App.], 506 S.W.2d 480; *Smith vs. State* [Mo.], 513 S.W.2d 407.

"Since this Court has determined and concluded that the Motion taken in its most favorable light to Movant presents no question of fact or issue of law for consideration, Counsel need not be appointed *Duisen vs. State* [Mo.], 504 S.W.2d 3; *Jones vs. State* [Mo.App.], 521 S.W.2d 504; *Weaver vs. State* [Mo.App.], 520 S.W.2d 640; *Keller vs. State* [Mo.App.], 523 S.W.2d 127; *Ford vs. State* [Mo.App.], 534 S.W.2d 111; *Winston vs. State* [Mo.App.], 533 S.W.2d 709.

"Defendant's Motion is hereby overruled and denied in all respects."