**Dennis Jerome BALDWIN,
Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 39833.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 21, 1979.

Robert C. Babione, Public Defender, Mary E. Dockery, Asst. Public Defender, St. Louis, for movant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., Marion G. Eisen, Asst. Circuit Atty., St. Louis, for respondent.

JAMES D. CLEMENS, Senior Judge.

Movant Dennis J. Baldwin (hereafter "defendant") has appealed the summary denial of his Rule 27.26 motion for post-conviction relief. We affirm. He now contends the trial court erred by denying his motion without granting him an evidentiary hearing and appointing counsel.

■ Defendant, as a second offender, was tried for burglary and a hung jury was declared. He then changed his plea to guilty and the court sentenced him to four years' imprisonment. (At all times defendant had been free on bond and represented by private counsel.) After conviction defendant filed his pro se motion for post-conviction relief, the subject of this appeal.

Defendant's alleged basis for relief is that his guilty plea was involuntary because he was mentally ill and under the influence of medication. We find the guilty plea record refutes these allegations and warranted denial of his Rule 27.26 motion.

We summarize the guilty plea record, with emphasis on defendant's present con-

tention that his plea was involuntary because of medication and mental illness. The record shows defendant was a college student, was employed as a teachers' aide, and formerly was an infantry sergeant. He had fully discussed his plea with retained counsel, with whose services he was satisfied. The court explained the defendant's various trial rights, all of which he acknowledged, and stated he was not nor had he been under the effect of alcohol or drugs. He declined the court's invitation to question his counsel and the court about the guilty plea and possible punishment. The court's questioning was thorough and unhurried; it gave defendant and his counsel full opportunity to assert the belated complaints of mental illness and influence of medication. In sum, the record showed defendant to be intelligent, articulate and keenly responsive to the court's questioning.

Defendant's present complaints relate to conditions of which he was aware when he pleaded guilty and therefore are ineffective now. *Weaver v. State*, 520 S.W.2d 640, l. c. 643 (Mo.App.1975). The record shows defendant's guilty plea was made voluntarily and understandably and this warranted the summary denial of his motion. *Colbert v. State*, 486 S.W.2d 219[2] (Mo.1972); *Pauley v. State*, 487 S.W.2d 565[1–3] (Mo.1972).

Judgment affirmed.

REINHARD, P. J., and GUNN, and CRIST, JJ., concur.