**Sammie Davis TAYLOR,
Movant–Appellant,**

v.

**STATE of Missouri,
Respondent–Respondent.**

**No. 55408.**

Missouri Court of Appeals,
Eastern District,
Division One.

May 2, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 31, 1989.

Application to Transfer Denied
Aug. 1, 1989.

David Hemingway, St. Louis, for movant-appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals from the denial of his Rule 24.035 motion after an evidentiary hearing. We affirm.

Movant pled guilty to capital murder (Count I), first degree assault (Count II) and two counts of first degree robbery (Counts III and IV). He was sentenced to life imprisonment without possibility of probation or parole for 50 years on Count I, and to life imprisonment on each of the remaining counts; the sentences in Counts II—IV to run concurrent with each other and consecutive to the sentence in Count I. At the plea hearing, movant admitted that he and a co-defendant, using force, entered a home and, at gun point, stole jewelry and other items from two youths, one nine, the other sixteen, who were inside the home. After robbing the youths, movant took them to the basement, shot the nine year old in the head, and attempted to shoot the sixteen year old who then managed to get the gun away from movant and chased him from the home. Both movant and the co-defendant made videotaped confessions wherein movant was identified as the man who shot the victim.

Movant filed a pro se Rule 24.035 motion which was amended by counsel. He alleged among other things, that his trial counsel was ineffective and that his plea was involuntary due to threats made by counsel. The motion court in denying relief made detailed and thorough findings of fact and conclusions of law.

Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 24.035(j); *Cf. Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App. 1986). The motion court's findings, conclusions, and judgment are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Richardson*, 719 S.W.2d at 915.

The motion court is not required to believe the testimony of a movant or any other witness at a Rule 24.035 hearing, and an appellate court must defer to the motion court's determination of credibility. *Cf. Armour v. State*, 741 S.W.2d 683, 688 (Mo. App.1987). After a plea of guilty, the effectiveness of counsel is relevant only to the extent it affects the voluntariness of the plea. *Id.*

In determining whether counsel's performance was deficient, the inquiry must be whether counsel's assistance was reasonable, considering all the circumstances. The motion court should make every effort to eliminate the distortion wrought by hindsight and to evaluate the challenged conduct from counsel's perspective at the time of the conduct. There is a strong presumption that criminal defense counsel's conduct falls within "the wide range of reasonable professional assistance," and a movant must overcome the presumption that certain actions of counsel might be regarded as sound trial strategy. *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App.1986), *citing Strickland v. Washington*, 466 U.S. 668, 688–89, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984).

Counsel has a duty to make a reasonable investigation or to make a reasonable decision that a particular investigation

is unnecessary. A decision to forego investigation must be evaluated for reasonableness under the circumstances, all the while giving great deference to counsel's judgment. *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App.1986), *citing Strickland v. Washington*, 466 U.S. 668, 691, 104 S.Ct. 2052, 2066, 80 L.Ed.2d 674 (1984).

■ Movant's first point on appeal has two parts. He first contends counsel coerced his plea by not discussing the death penalty with him until the close of the state's case. Somewhat contrary to this contention is movant's claim in paragraph 12 of his amended motion wherein he alleges "[i]n order to convince movant to plead guilty [trial counsel] told movant that the death penalty would be sought if movant went to trial." We note initially that fear of the death penalty alone does not render a guilty plea involuntary. *Jackson v. State*, 548 S.W.2d 624, 625 (Mo.App. 1977). If movant's contention is that the timing of counsel's discussion of the death penalty caused his plea to be involuntary, we believe paragraph 12 of his amended motion refutes this contention, and insofar as timing is movant's concern on appeal, the claim was not raised in his motion and is therefore waived. *Stokes v. State*, 671 S.W.2d 822, 824 (Mo.App.1984). Finally, the motion court found "[trial counsel] did state that he discussed the possibility of the death penalty with both movant and his parents. Movant testified he never knew about the death penalty until he pleaded guilty. That testimony is unbelievable due to the fact that the jury was qualified for the death penalty and two days of trial had passed before movant entered his pleas." We defer to the trial court's credibility determination, and after reviewing the record conclude this finding is not clearly erroneous.

■ The second contention in movant's first point is that his plea was coerced due to counsel's ineffectiveness in failing to investigate witnesses, whose names movant gave counsel, to support his defense of diminished capacity. This claim is refuted by the plea transcript wherein movant testified he did not give counsel the names of any witnesses. Thus the motion court need not have held an evidentiary hearing as to this point. Nonetheless, after hearing evidence, the motion court found that, under the circumstances of the case, counsel's failure to locate the witnesses was not unreasonable, and, in any event, diminished capacity would not have been a viable defense. At the evidentiary hearing, counsel testified movant gave him "nicknames" and street corner locations for the witnesses, and given the area of the city, it would have been "extremely difficult" to find them. Counsel also testified he chose not to pursue the diminished capacity defense because movant told him "he still had his bearings" on the night of the crime, counsel thought there were insufficient facts to support the defense and such a defense would serve merely to aggravate the jury. We conclude the motion court's findings and conclusions as to this point are not clearly erroneous.

Movant's second point is that counsel was "ineffective in failing to provide [a psychiatric expert] with the witnesses needed to assess movant's mental capacity at the time of the offense." Movant in his previous point claimed that counsel's failure to investigate these same witnesses caused his plea to be "coerced." The motion court's conclusion that counsel's failure to investigate was not unreasonable and its conclusion that diminished capacity was not a viable defense are equally applicable to this point. We have already decided these conclusions are not clearly erroneous.

Judgment affirmed.

CRANDALL, P.J., and CRIST, J., concur.